The opinion of the Court was delivered by
Gantt, J.
The clause of the Act, establishing this mode of trying slaves for offences made capital, is prefaced in these words : “ Whereas, natural justice forbids, that any person of what condition soever, should be condemned unheard, and the order of civil government requires, that for the due and equal administration of justice, some convenient method and form of trial should be established: Be it therefore enacted, that *423] all crimes and offences which shall be committed by slaves, *for which capital punishment shall, or lawfully may be inflicted, shall be heard, examined, tried, adjudged, and finally determined by any two justices assigned to keep the peace, and any number of freeholders, not less than three, nor more than five.” &C.[1] • (P. L. 165.)
The last clause declares, that the Act shall be deemed a public Act, and shall be taken notice of without pleading the same, before all judges, justices, magistrates and Courts.
Such a tribunal, therefore, as the one now established, can have no powers by intendment; and only such a mode as that expressly pointed out, is competent to try in any capital case.
Would it'not be in direct violation of the principles of natural justice, as well as the order of civil government, for unauthorized individuals to usurp jurisdiction in cases of this sort, and proceed to award, and carry into execution the solemn and awful sentence of death ? And if such usurpation takes place, is there no authority under the government sufficient to put it down ? It would be lamentable indeed, if such was our situation.
Levy, for the motion. Miller, contra.
The pleadings here admit, that unauthorized individuals have tried this slave, and that on the trial, testimony was received in opposition to the rules of the common law. Either is quite sufficient to justify this Court in declaring that the judgment on the demurrer should have been the reverse of what it was, and that on such admission of facts, a prohibition might well have been awarded.
It is almost unnecessary to remark, that this Court, has a superintendency over all inferior Courts and tribunals, and may, in all cases of innovation, award a prohibition, (F. N. B. 43,) which is a remedy provided by the common law, against the encroachment of jurisdiction, or the calling of a person to answer in a Court that has no legal cognizance of the cause. 3 Black. Com. 111. And there can be no question, but that the granting a prohibition, is discretionary, and depends upon the circumstances of the case.
It was supposed, by my brother CouoooK, that after *sentence p^ . 9. in the supposed Court, holden by magistrates and freeholders, a L prohibition could not be awarded, unless the grounds alleged for it should appear on the face of the proceedings. But this is certainly a mistaken view of the law. The true distinction is, that when the matter suggested for a prohibition, appears upon the face of the proceedings, an affidavit of the truth of the suggestion is unnecessary. Where it does not so appear, then it is essential that the suggestion should be verified by affidavit. Godfrey v. Llewellin, Salk. 549. Eaton v. Barton, Cow. 330. Buggin v. Bennet, 4 Barr. Rep. 2040.
But this is not a case falling within the meaning of English decisions. It is a case sui generis, where a tribunal is created by Act of Assembly, to try cases of life and death, and contrary to the rules of the common law.- Every feeling of humanity and justice revolts at the idea, that any other mode of trial, less formal and substantial than what the Act has prescribed, should be sanctioned. By the demurrer in this case, it would appear that such deviation has taken place, that unauthorized individuals have undertaken to try, in a case affecting life, and in their trial, have departed from the known and acknowledged rules of the common law, by admitting, against the accused, illegal testimony.
With these views, the Court think that the decision made by the presiding judge should be set aside. But the defendants are still allowed to plead to the declaration, and in time for the trial of the cause at the next circuit, to be holden for Sumter district, on the-Monday of October next. And in the meantime, and until a final decision can be had thereon, the defendants are prohibited from all further proceedings on the trial had against negro Manuel.
Nott, Johnson, RichaRDSON and HugeR, JJ., concurred.
See ante 174, 410. 1 N. & M’C. 504, and ante. Harp. 311, 511. 3 McC. 177.

 7 Stat. 410, § 9.