THE PEOPLE, *ex relatione* Dumont, *vs.* THE TOMPKINS
GENERAL SESSIONS.*

An appeal to the sessions does not lie by the superintendents of the poor of a county, from an adjudication of justices in favor of a party charged with being the father of a bastard child..

It seems, however, that such adjudication is not a bar to subsequent proceedings against the party, upon the same charge.

Dec. 1838.

WRIT of prohibition. The relator was charged with being the father of a *bastard child*, and on the application of

* Decided 6th August, 1835.

ALBANY,
Dec. 1838.

The People
v.
Tompkins
General Ses-
sions.

the superintendents of the poor of the county of Tompkins, a warrant was issued on which he was arrested. The charge was examined into by two justices of the peace of the county, who, after hearing testimony, *determined that the relator was not the father of the child*, and forthwith discharged him. After his discharge and on the same day, the justices, at the request of the superintendents, reduced their determination to writing and signed the same; whereupon the superintendents served a copy thereof on the relator, together with a notice that they *appealed* from such determination, to the next court of general sessions of the county of Tompkins, to be held on the third Monday of May, 1835. The relator appeared at the sessions, and objected to the jurisdiction of the court to sustain such appeal. The court overruled the objection, and directed an entry of the appeal to be made in the minutes of the court. The relator then applied to put off the hearing of the appeal until the next term of the court, on the ground of the absence of material witnesses; which application was granted. In the mean time, however, the relator applied to this court, on notice to the superintendents, for a *mandamus* requiring the sessions to vacate the rule or order entertaining the appeal, or for such other order as the court should see fit to grant.

BY THE COURT. The question in this case is, whether an appeal will lie *by the superintendents of the poor* from an order or decision of the justices, that the individual complained against was not proved to be the father of the bastard child. The act, 1 R. S. 644, § 13, sub. 1, directs that in such a case the person charged shall be forthwith discharged. It is conceded that as the law stood *previous* to the revised statutes no appeal would lie in such a case. It cannot be supposed that it was the intention of the legislature to change the law in this respect. The power of appeal is given in as broad terms in the act of 1813 as in the revised statutes; it is given to any person who may think himself aggrieved; but the *overseers of the poor*, under the act of 1813, were not considered as aggrieved by an order or adjudication that the person charged was not the father. All the details of the

ALBANY,
Dec. 1838.

The People
v.
Tompkins
General Sessions.

act clearly contemplate the appeal as being made from an *affirmative order* charging the reputed father. The 28th §, 1 R. S. 647, provides that the court to which the appeal may be made shall proceed to hear the allegations and proofs of the respective parties; and the party in whose favor the order was made *shall be required to substantiate the same by evidence.* In a case like this, the appellee would have to prove the negative fact *that he was not the father,* in order to substantiate the adjudication.

The principal consideration urged in favor of an appeal by the superintendents in such a case is, that the order or determination of the justices, if not quashed or reversed, would be a bar to any further proceedings against the putative father— that he could not again be arrested and examined; that the decision is in the nature of a judgment. This idea is founded upon the 5th sub. of § 13 of the act, which simply makes it the duty of the justices to reduce their proceedings to writing and subscribe the same. It is apprehended this provision was designed merely to perpetuate the evidence of their proceedings, not to change the legal effect and character of their determination. If an order deciding that the person arraigned was not the father, was not a bar to a new complaint and proceedings against him under the act of 1813, which is conceded, such determination, it is apprehended, is not now a bar.

If this order should be quashed by the sessions, they could not make an original order of filiation against the party. They can make such order only when the order of the justice is quashed for some reason *other than on the merits or facts.* 1 R. S. 650, § 39. There can be no beneficial result, therefore, from an appeal in such a case; and upon consideration of all the provisions of the act, it is conceived that the legislature did not intend to change the practice and give an appeal under such circumstances. It is a case for a *prohibition* instead of a *mandamus.* Let the order be made accordingly.