By the Court,

Cowen, J.
By the statutes cited, the power to order execution, .on security being given in a prescribed form, belongs either to the marine court or the superior court. This is not denied; though it is made a question to which. If the former, and the bond be in proper form, of course no objection can be raised in *368 any way. If all jurisdiction were taken away from the marine court by the certiorari, and the power to issue execution confided by the statutes to the superior court only, then the act of the marine court would be irregular and void; and, if it were judicial, prohibition would lie. But it is not judicial: and we might as well be ■ called on to prohibit a sheriff from executing a writ of replevin, because he had not taken a bond. The office of a prohibition is to prevent courts from going beyond their jurisdiction in the exercise of judicial, not ministerial poAver. Otherwise Ave might be called on to send the writ whenever a justice of the peace was about to issue civil or even criminal process irregularly. Nor, for the reason already mentioned, is it the office of a prohibition to correct the informality of the bond. The following authorities will be found to sustain the distinction upon Avhich I proceed: The People v. Supervisors of Queens, (1 Hill’s Rep. 201.) 2 Chit. Gen. Pr. 355,6, Am. ed. of 1835. The State v. Hopkins, (Dudl. Law Rep. S. Car. 101,107, 8.) (a) In the last cited case, (p. 107, 8,) Johnson, chancellor, lays down the rule thus: “ when the facts are ascertained and the subordinate tribunals exercising judicial power err on the question of jurisdiction, that is ground for a prohibition.” I have seen no case Avhich goes farther; and I venture to say that no well considered case does.
There is no color for saying that the act of issuing an execution is judicial. The refunding bond is to be in a certain form; and if the security be satisfactory, the court have no more discretion in granting or denying the execution than would a clerk or attorney in a court of record, after the expiration of the thirty days from the rendition of judgment.
There is the less .reason in this case, for resorting to a prohibition, because the party claiming to be aggrieved has *369 other remedies entirely effectual. If the execution sought for shall turn out to be void, the justice and parties may, should a levy take place, be proceeded against as trespassers; if issued in defiance of the certiorari, the proceeding will be punishable as a contempt. The writ of prohibition, like mandamus, quo warranta or certiorari, ought not to issue where there are other remedies perfectly adequate.(b) We have a discretion to grant or deny the writ; (Gantt, J., in State v. Hundall, 2 Nott & McC. 419, 423;) and it would, I apprehend, in general, be a very good reason for denying it, that the party has a complete remedy in some other and more ordinary form.
Motion denied with costs.

 And see The People v. Tompkins' General Sessions, (19 Wend. 154, 156.) The People v. Seward and others, (7 Wend. 518.) Matter of Mount Morris Square, (2 Hill, 14, 28.)

 For the rule on this subject and its exceptions, see Storm v. Odell and others, (2 Wend. 287 ;) McCollough v. Mayor, &c. of Brooklyn, (23 Wend. 461 ;) Ex parte Mayor, &c. of Albany, (Id. 284 ;) The People v. Judges of Oneida C. P. (21 id. 20, 22;) The People ex rel Onderdonk v. the Supervisors of Queens, (1 Hill, 195, 198 ;) The People ex rel. Woodworth v. Covert and others, (id. 674, 5;) The People v. The Mayor, &c. of New-York, (2 Hill, 10, 13 ;) Matter of Mount Morris Square, (id. 14,27, and the English cases cited by Comen, J. at the latter page.) Ex parte Lynch, (id. 45,6, and note (a).)