By the Court, Cowen, J.
A trial and discharge pursuant to 1 R. S. 650, 651, 11, 13, 2d ed., was pleaded in bar and *445 admitted. The provisions of the statute are, in short, that a man who is arrested on a charge of bastardy, shall be brought before the justice who issued the warrant; that the latter shall associate with him another justice; and that these two shall make an examination of the matter, either of them having power to issue subpoenas for witnesses. The mother is to be reexamined, and she and all the witnesses, the parties now being present, are of course subject to regular examination, cross-examination &c. Finally, the justices are to determine who is the father; and “ if they determine that the person so charged and apprehended is not the father &c., he shall be forthwith discharged.” (Id. § 13, sub. 1.) By subdivision five, they shall reduce their proceedings to writing, and subscribe the same. On the other hand, if the justices determine that the person arrested is the father, they may make and subscribe an order of filiation charging him with the support of the child. From this the party grieved may appeal. The whole subject is thus committed to a special session, with power to hear and determine, as effectually as a like session may in the case of a petty larceny. It has never been doubted that, in all other cases of summary proceeding, the decision is final. It is not denied of this case that the decision is final, provided the defendant be convicted, though the same effect is denied if he be acquitted. If there be any distinction, it seems to me it should be the other way. On the proposition contended for, a man charged with being the father of a bastard may be very unreasonably harassed; and is often pursued in a spirit which should be met by defences at least as strong as any which the law interposes against other prosecutions. It is said that the public has no right of appeal. This was, indeed, held as long ago as 1835; (The People v. The Tompkins General Sessions, 19 Wend. 154;) and the legislature have left the law there ever since. True, it is thrown out that the acquittal is not a bar. I think, however, the suggestion was made without the attention of the court being fully drawn to the nature of the proceeding. The man is on trial before a court possessing the power to make an order of filiation. It is by no means to be taken for granted, as it *446 seems to have been in the case cited, that an order discharging him after such an inquiry can ever be treated as a mere ministerial act, open to revision by an arrest and repetition of the inquiry. 1 need scarcely say it is not an argument against the effect of the acquittal, that there is no appeal allowed to the town or county. .No appeal is allowed after acquittal for a crime 5 but this detracts nothing from the right to plead auterfois acquit. The analogy to an inquiry in criminal cases merely with a view to commitment, discharge or bail, which was suggested in argument, does not hold. There is no power in that case either to convict or acquit. The issue is merely upon the question whether the party shall be holden to a future trial. The justices have no cognizance of the merits. Their decision cannot operate as a general bar to a farther prosecution, because they have no jurisdiction enabling them to hear and determine the issue of guilt or innocence,
I think the justices erred in disallowing Thayer’s discharge as a conclusive bar; and that their order of filiation and maintenance should be quashed,
Rule accordingly.