## MONCRIEF *vs.* ELY.

An action of assumpsit for the support and maintenance of an illegitimate child, does not lie against the reputed father, notwithstanding the existence of an order of filiation and for maintenance, except upon a promise either express or implied.

Where the putative father adopts the child, whilst such adoption continues a promise may be implied in favor of the party providing for the child ; but such adoption may be renounced and then the implied assumpsit termi. nates.

The remedy in such cases is by proceedings under the order of filiation, in the names of the overseers or superintendents of the poor.

ERROR from the Washington common pleas. Moncrief sued Ely in a justice's court, and claimed to recover for the support and maintenance of an *illegitimate child* of his daughter, of which the defendant was the *reputed father*. The plaintiff had supported the child about four years. An order of filiation was produced on the trial adjudging the defendant to be the *reputed father* of the child and making provision for its support, and one of the overseers of the poor of the town in which the child was born, testified, that he had collected on the order and paid to the plaintiff for keeping the child, the sum of $25, and had told the plain-

tiff that as fast as they could collect the money from the defendant, they would pay it to him; but he did not recollect that he agreed with the plaintiff to keep the child. It was also proved that the defendant had acknowledged his paternity. The defendant insisted that he was not liable to the plaintiff for the support and maintenance of the child, as there was no evidence of a promise either express or implied. The justice decided in favor of the defendant and rendered judgment against the plaintiff for costs of suit. The common pleas of Washington affirmed the judgment on *certiorari.* Whereupon the plaintiff sued out a writ of error.

*J. Crary,* for plaintiff in error.

*C. Stevens,* for defendant in error.

*By the Court,* NELSON, Ch. J. I regret that my examination of this case has not enabled me to come to the conclusion, that the judgment below ought to be reversed, as the moral obligation and justice of it are strongly against the defendant. But it cannot be matter of doubt, that anterior to the statute of 18 Eliz. & 6 Geo. 2, the putative father was under no legal liability to maintain his illegitimate offspring, and as that liability has been wholly created by statute, the remedy there prescribed to enforce the duty must be followed. We have copied these statutes and others on the same subject, and they afford ample provision both for the public, and all individuals concerned. 1 R. S. 640, 656. 1 R. L. 306.

Upon the strength of the natural or moral obligation arising out of the relation of the putative father to his child, an action at common law lies for the sustentation and support of it, upon an *express promise;* and where he admits himself the father, and adopts the child, while such adoption continues, a promise may be implied in favor of the party providing for it; but he may renounce the adoption, and terminate this implied assumpsit; and then the statute remedy must be pursued. This is the view taken of the question in the English courts, as will be seen by the following cases. 5 Esp. 131. Peake R. 29. 1 Carr. & Payne, 268.

7 Dowl. & Ryl. 612. 3 Carr. & Payne, 36. 3 Bos. &
Pul. 249, n. 1 Burn's J. 205. 1 Black. Com. 458. 2 Comyn
Con. 354. See also Reeve's Dom. Rel. 277, and 2 Kent's
Com. 215.

In *Cameron* v. *Baker*, 3 Carr. & Payne, 36, above referred
to, Best, Ch. J. said, the father of an illegitimate child is not
in the first instance bound to maintain it, unless compelled to
do so by an order of the magistrates. The case of *Furillio*
v. *Crowther*, 7 Dowl. & Ryl. 612, which was assumpsit for
the board and lodging of an illegitimate child, was a much
stronger case for the plaintiff than the one under considera-
tion; for there the defendant had paid the mother 12s. per
week for the support of the child for some time. He ultimately
gave notice that he would pay no longer until an order
from the magistrates was obtained. The jury returned a
verdict for the defendant under the direction of Ch. J.
*Abbott*, who granted leave to move to enter it for the
plaintiff. *Scarlett*, on showing cause, admitted that the duty
of the defendant to maintain his illegitimate child was an
imperfect obligation, and that by the laws of the country, the
only mode of enforcing it was by an order of filiation under
the statute of Elizabeth; but contended he was liable upon
the express contract. The court, however, were quite clear
the action could not be maintained, observing, that the
defendant was under no legal obligation to maintain the
child, unless the steps were taken which the statute of
Elizabeth requires.

It is argued for the plaintiff in this case, that the order of
filiation under the statute has fixed the legal liability of the
defendant, and by the arrangement of the overseers of the
poor to pay the 56 cents per week to the plaintiff, (the
amount of the order) as fast as collected, the fund thereby
belonged to him, and he may sustain the action in his own
name. But there are several answers to this view of the
case: 1. This legal liability by virtue of the order, cannot
be carried beyond its terms, which if correct (for the order
is not given in the return) require payment to be made to
the overseers. 1 Burns. 199 and 209. 2. Since the re-
vised statutes, the action is specially given to these officers, or

to the county superintendents, as the case may be.   1 R. S. 652, § 51.   They are to expend the money, and account on oath for the same, and pay the balance to their successors, under penalties.   Id. 654, § 59.   The remedy in this case is very simple and clear : if the plaintiff had kept the child at the request of the overseers of the poor, or, perhaps, if they had received money upon the order, the action might have been sustained against them.   12 Johns. R. 185.   Without this, it should be brought in the name of these officers.   9 Johns. R. 396.   1 R. S. 652, § 51.

Judgment affirmed.