## Case No. 16,647.

### UNITED STATES v. WASHINGTON MILLS.

[2 Cliff. 601; [1] 6 Int. Rev. Rec. 146.]

Circuit Court, D. Massachusetts. Sept. 24, 1867.

#### INTERNAL REVENUE—ASSESSMENT ON YARN.

The defendants were manufacturers of woollen goods. They bought wool, spun it into yarn, and then wove the yarn into fabrics for clothing. This yarn was not known in the

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

market as an article of trade, as manufacturers of the particular fabrics spun it themselves. An internal-revenue tax of five per cent upon the full value of the manufactured fabrics had been assessed and paid; and subsequently a reassessment of five per cent on the value of the yarn, from which the fabrics were manufactured, had been made, and assumpsit was brought to recover the same. Assessment was made under the act of June 30, 1864 [13 Stat. 269], and before the passage of the act of March 3, 1865 [Id. 477]. *Held*, that the yarn was a separate and independent manufacture, and was properly subject to the assessment of five per cent.

This was an action of assumpsit for the recovery of $276.95 alleged to be due from the defendants, as taxes on manufactures under the internal-revenue act of June 30, 1864, and the case was submitted upon an agreed statement of fact. The defendants were the manufacturers of woollen goods. They bought wool, spun it into yarn, dyed or bleached the yarn, and then wove it into fabrics, such as shawls and webs for Balmoral skirts. Webs for shawls were manufactured of the proper width for shawls, and were intended for that use, and were not fit for or used for any other purposes. They were woven in patterns with fringes made in the weaving, and which were twisted by machinery. When the web was woven and the shawls cut apart they were ready for wear, and in that condition they were sold by the defendants, and worn by men, women, and children. Yarn such as that from which these shawls and skirts were made was not known in the market as an article of trade, as all manufacturers of such fabrics were accustomed to spin and weave it themselves. The statement showed that a tax of five per centum had been assessed upon the full value of the skirts and shawls, and that the defendants had paid the amount of the tax. The tax in this case was a reassessment of those fabrics, made by the assessor of the internal revenue, adding a tax of five per centum upon the value of the yarn from which they had been woven. The parties agreed that the tax was assessed in the form prescribed by law; that the assessment was duly transmitted to the collector for collection; and that he duly demanded the tax from the defendants. It was also agreed that the taxes sought to be recovered were assessed and forwarded for collection under the act of June 30, 1864, and before the act of March 3, 1865 went into effect. The increased value of the shawls over that of the yarn from which they were woven, was more than five per centum ad valorem. Yarns of certain kinds are found in the market as commodities for sale, but yarn such as that from which these were made was not known in the market as an article of trade, all manufacturers of shawls spinning their own yarn and weaving it themselves into shawls. It was claimed by the plaintiffs that the yarn and shawls made by the defendants in the manner already described were each to be considered under the internal-revenue laws as a separate and independent manufacture; and that there should be assessed and collected one tax upon the full value of the yarn spun by the defendants, and a second tax upon the full value of the shawls made by them of this yarn, which they spun, without any allowance or deduction in fixing the tax on the shawls, for the yarn from which they were woven, and on which the defendants had already paid a tax. The defendants contended that they should pay either one tax on the shawls for their entire value, and no tax on the yarn; or that, if they paid a tax on the yarn spun by them, then the tax on the shawls woven from the yarn should be only on the increased value of the shawls over that of the yarn from which they were made. It was admitted that the result of either of these modes of taxation contended for by the defendants was the same; that is, that a single tax upon the shawls for their full value was exactly equal in amount to one tax upon the yarn, and a second tax upon the shawls for their increased value over that of the yarn from which they are woven. It was also admitted that the defendants had paid this amount in full. If, therefore, the tax on the shawls should be assessed in either of these modes, then judgment is to be entered for the defendants. If, however, the defendants were subject to the tax as reassessed, that is to say, to a tax, first, on the whole value of their yarn, as one manufacture, and again on the entire value of the shawls made by them from the yarn, as a separate and independent manufacture, without any allowance in assessing the tax on the shawls, on account of the previous tax paid by the defendants on the yarn from which they are woven, and were obliged to pay the tax as reassessed by the assessor, as stated above, then judgment was to be for the plaintiffs for said amount of $$276.95, with interest from the date of the writ.

W. A. Field, Asst. U. S. Dist. Atty.

T. K. Lothrop and R. R. Bishop, for defendants.

CLIFFORD, Circuit Justice. The theory of the plaintiffs is, that the yarn is to be considered as a separate and independent manufacture, that a tax of five per centum should be assessed upon the full value of the yarn, and a second tax of the same rate upon the full value of the shawls and skirts, without any reduction or allowance for the tax on the yarn. The defendants deny that proposition and contend, first, that they should pay no tax on the yarn, as they have already paid a tax upon the full value of the woven articles; second, that if they are held to pay a tax on the yarn, then the tax on the fabrics should only be for their increased value over the yarn from which they were made. Articles of dress for the wear of men, women, or children are, by the nine-

ty-fourth section of the act of June 30, 1864, declared to be subject to a tax of five per centum ad valorem. 13 Stat. 269. Mention need not be made of the proviso appended to that clause, as no question arises under it in this case, nor does it affect in any manner any question involved in the record. The only other clause of the section which needs to be particularly noticed is the one which also imposes a duty of five per centum ad valorem on all manufactures of wool in connection with many other manufactured articles, as therein mentioned and enumerated. Id. 270. The second proviso annexed to the clause last cited provides "that any cloth or fabrics as aforesaid, when made of thread, yarn, or warps, upon which a duty as aforesaid shall have been assessed and paid, shall be assessed and pay a duty on the increased value only thereof." Grant that the liability to taxation in this case arose under the second clause cited, then it is clear that the second proposition of the defendants is correct. Cloths or fabrics made of yarn upon which a duty of five per cent ad valorem had been assessed and paid were only liable to a like rate of duty upon their increased value over the yarn from which they were made. But the webs of shawls and skirts manufactured and sold by the defendants, as described in the agreed statement, were properly taxable under the clause first cited, and were actually taxed as articles of dress for the wear of men, women, and children, and that clause contains no words authorizing any such qualification as that contained in the second proviso annexed to the second clause. The absence of qualifying words, however, is not the only difficulty which the defendants have to encounter in their endeavor to maintain their second proposition, that if the yarn is taxed the taxation of the shawls and skirts should be restricted to their increased value, because the express provision of the same section is, that thread and yarn and warps for weaving shall be regarded as manufactures, and shall be subject to a duty of five per cent ad valorem. Thread and yarn for weaving, therefore, as well as articles of dress for the wear of men, women, and children, are subject to taxation under the provisions of that section. Experience has shown that it is not safe, in framing revenue acts, to rely entirely upon any specific enumeration of the articles to be taxed. Such enumeration it is conceded is highly expedient to the extent that it is practicable. Where a general system of taxation is intended, congress finds it necessary to add to such enumeration some general word or phrase to guard against omissions not intended, and vexatious inequalities. Words and phrases, such as wearing apparel, clothing, ready-made clothing, and articles of dress, may be found in most of the tariff acts passed within the last twenty years. Congress in adopting such terms undoubt-

edly intended to depart from the commercial designation as the test to determine the description within which the duty should or should not be charged, and to leave such determination to the test of the actual use of the article. Maillard v. Lawrence [Case No. 8,971]. Shawls, as manufactured by the defendants, were ready for wear when they were sold by them, and the Balmoral skirts, as the agreed statement shows, were woven in patterns with stripes for borders, and that the skirt webs were intended for that use, and were "not fit and not used for any other purpose." They were woven in patterns, cut apart and sold by the defendants, and when so sold it is not doubted that they were properly regarded by the assessor as an article of dress for the wear of women and children, within the meaning of the clause in the revenue act under consideration. Maillard v. Lawrence, 16 How. [57 U. S.] 260.

The second general proposition advanced by the defendants is, that yarn such as that manufactured by the defendants was not subject to taxation under the revenue acts in force at the time the taxes in this case were assessed. The principal reason assigned in support of the proposition is, that yarn such as that from which these shawls and skirts were made is not known in the market as an article of trade. But the agreed statement shows that the defendants buy wool, spin it into yarn, dye or bleach the yarn, and then weave it into webs for shawls and webs for Balmoral skirts; and the act of congress expressly provides that thread and yarn and warps for weaving shall be regarded as manufactures and be subject to a duty of five per centum ad valorem. The construction of the clause assumed by the defendants interpolates an exception not to be found in the provision. They agree that yarn for weaving, except such as is not known in the market as an article for trade, is declared to be a manufacture, and is subject to duty under that clause; but the clause contains no such exception, and the court possesses no power to allow it. Reference is made to the fact that yarns manufactured exclusively for weaving under the act of the 1st of July, 1862, were not regarded as manufactures subject to duty, but the answer to that suggestion is that the law was changed by the subsequent revenue act. 12 Stat. 460–465; 13 Stat. 266.

Another suggestion is, that the amendment in the act of the 3d of March, 1865, is simply declaratory of the true construction of the clause in question, and that the court should regard the last-named provision as the true exposition of the one found in the prior act of congress. 13 Stat. 477. The purport of the amendments is, that thread and yarn and warps sold before weaving are still regarded as manufactures, but if the thread, yarn, or warp has paid the duty, the cloth, fabric, or article made of such thread,

yarn, or warp shall be assessed only on the increased value. Such undoubtedly is the legal effect of the new provision, but it is not perceived that there is any ground whatever to suppose that the amendments were intended as an exposition of the prior law beyond what is true in every case where the new enactment substitutes a more lenient provision for one which was more stringent. The legal effect of the amendment is to repeal the clause in question and to substitute another in its place, approaching more nearly to the views of the defendants. Taxable manufactures are such as are declared to be subject to taxation by an act of congress, and it is immaterial whether such an article is known in the market as an article of trade or not, if it is a manufactured article, and is so declared to be subject to taxation, the courts must execute the law, and cannot ingraft upon it any exception not authorized by the terms of the enactment.

Objection is also made to the right of the plaintiffs to recover in this case, because it is insisted that the remedy by distraint, as given in the act of congress, is the exclusive remedy in the case. 13 Stat. 258, 259; Andover & M. Turnpike Corp. v. Gould, 6 Mass. 44; Bangor House Proprietary v. Hinckley, 3 Fairf. 388; Moncrief v. Ely, 19 Wend. 405.

Extended argument upon this subject, however, is unnecessary, as the question is regarded as settled by the decisions of the supreme court. The same objection was made in the case of Meredith v. U. S., 13 Pet. [38 U. S.] 493, which was a suit for duties on imports. Duties due upon all goods imported, say the court in that case, constitute a personal debt due to the United States from the importer, independently of any lien on the goods or any bond given for the duties. U. S. v. Lyman [Case No. 15,647].

Assumpsit for taxes imposed under the acts of congress providing for internal revenue is also the proper form of action. U. S. v. Cutting, 3 Wall. [70 U. S.] 441; U. S. v. Fiske, 3 Wall. [70 U. S.] 445.

Judgment under the agreement of the parties must be entered in favor of the plaintiffs for the sum of $2,804.45, with interest from the date of the writ.