(38 Misc. Rep. 161.)

## HANLEY v. SUPREME TENT KNIGHTS OF MACCABEES.

### (Supreme Court, Special Term, Kings County. May, 1902.)

BENEFIT INSURANCE—BENEFICIARIES—DEPENDENTS.

    A man insured in a benefit order described certain illegitimate children in the application as his adopted children. He had supported them for years at the home of their mother. *Held*, they were entitled on his death to recover under a certificate limited, as to beneficiaries, to wife, children, "dependents," or blood relatives.

Action by Margaret Hanley against the Supreme Tent Knights of the Maccabees. Verdict for plaintiff. Motion to set aside denied.

George V. Brower, for plaintiff.

Howard H. Morse and Thomas Cooper Byrnes, for defendant.

RUSSELL, J. Nellie and Margaret A. Hanley, two illegitimate children of John Hamilton, deceased, here seek, by their mother and guardian, $3,000 upon a fraternal certificate issued to Hamilton, and payable to them by name. The defendant contends that by the revised laws of its order no benefit certificate could be payable to other than "wife, children, dependents," or blood relatives, and that, lawfully speaking, these children belonged to neither class. Hamilton was killed in the disaster which destroyed the steamship Maine in Havana harbor in February, 1898, being the ship's carpenter. He had regularly paid his assessments on the certificate for years, sometimes sending the money through Mrs. Hanley, the mother of the children. He recognized these children as his own, provided a home for them with their mother, gave them sustenance during his life, and tried to effect the continuance of their means of sustenance after his death by his self-sacrificing contributions to the defendant society solely to create a fund for their benefit when his power to toil for them should have ceased forever. It may be that this fraternal benevolent order now seeks to deprive these children of their little fund to discourage departures from social morality, and insure the sanctity of the marriage tie among all its members, and not for the purpose of distributing that money between those members who survive or their beneficiaries; but it is difficult to understand why such ethics—valuable as they are in their proper place—would be invoked to prevent atonement by the wrongdoers, or bring additional and unmerited punishment to the innocent and helpless victims of illicit love. It is not necessary, even, to consider the possible palliation of the mother's conduct in seeking refuge from the brutality of a husband in the improper, though steadfast, affection of another man. No natural or artificial law prevents these parents from recognizing their duty to protect the children, who were not sharers of their wrongful acts, but only sufferers from them, and so provide for their welfare, even beyond the terms of their own lives. These children were, in fact, both dependents of the father and his adopted children. The latter term has a broader significance in expressive language as used than the mere inclusion of those who have been taken in through the stated form of statutory law. It was well known before the act providing for such adoption as would confer parental control of the per-

son and intestacy descent of property. Laws 1873, c. 830, Dom. Rel. Law (Laws 1896, c. 272). The defendant could not have been deceived by the use of the term "adopted children" in the application. Statutory adoption changes the names of the children to those of the adoptive parents, and here their names remained as that of the mother, and essentially different from that of Hamilton. As dependents, also, the obligations of the father toward illegitimate children are recognized and enforced. Code Cr. Proc. §§ 839, 886. It is not against public policy to provide for them. Moncrief v. Ely, 19 Wend. 405. An agreement of the father with the mother for their pecuniary benefit is enforceable. Hook v. Pratt, 78 N. Y. 371, 34 Am. Rep. 539. A promise to others to pay for their support inures to the children, and they may recover upon it. Todd v. Weber, 95 N. Y. 181, 47 Am. Rep. 20. The case of Lavigne v. Ligue des Patriotes, 178 Mass. 25, 59 N. E. 674, 54 L. R. A. 814, limits farther than would seem just the. rights of such children under dependent benefit policies; but the authority is not pertinent, for the case seems to have turned upon the want of proof of dependency in fact.

There is no issue in this case upon other defenses now suggested in defendant's brief. A general denial of compliance does not admit proof of some violation of one of the numerous requirements referred to in the application and certificate, and the trial was conducted on the theory that the differences between the parties were those only which have been now discussed. The motion to set aside the verdict is denied, and judgment for plaintiff allowed.

Motion denied, and judgment for plaintiff allowed.