———o———

No. 3466.

(Court of Appeal, Parish of Orleans.)

SUCCESSION OF FRANK JOHNSON.

Appeal from Civil District Court, Division "A."

L. De Poorter and W. A. Bahns, for Lucille Johnson, Appellants.

Geo. W. Moore, for Rose Johnson.

Edgar M. Cahn, for Geddes Company.

1. While a valid contract of insurance cannot lawfully be taken on the life of another by one who has no insurable interest therein, yet, as

226

one has an insurable interest in his own life, he may lawfully procure insurance thereon for the benefit of any other person whose interest he desires to promote and who is in any way dependent upon him.

2. The question of want of insurable interest can be raised by the insurer only, collateral heirs cannot profit by any attempt to show that the beneficiary of the policy was the concubine of the deceased.

3. The law of this State restricts but does not prohibit the giving of certain property or the assignment of certain rights to one's concubine.

DUFOUR, J. This appeal seeks to correct alleged error in the conclusions of the district judge, whose opinion we reproduce:

"Frank Johnson died intestate, leaving some personal effects. His next of kin brothers and sister were recognized as his heirs and ordered put in possession. He was unmarried, but for ten years or more had lived with Rose Johnson, as his wife. She cared for his household, etc., etc., and attended to his wants, was with him in his last sickness and arranged for his funeral. Some years before his death he insured his life, naming Rose Johnson as beneficiary, styling her as his wife in one, and in the other naming her, with no designation except as cook. Rose Johnson paid the premiums and kept up the policy. The amount ($180.) the Company has deposited in Court. To provide for his funeral, Rose Johnson engaged the Geddes Company, and assigned the policies to said Company as security, and in the faith of this, they furnished the burial outfit and funeral at a cost of $........

It does not appear the brothers and sister, next of kin, rendered the deceased any attention of service, in his life or last illness, or concerned themselves in any wise, at his death or regarding his funeral. The next of kin claim the whole insurance, on the grounds that Rose Johnson, being a concubine, could have no insurable interest in the life of the deceased, and that to award her the insurance would be *contra bonos mores,* and she had no capacity to assign to Geddes Company.

227

Rose Johnson claims the Geddes Company be paid the amount of their funeral bill, and that the balance be awarded to her as the beneficiary named in the policy.

The Geddes Company claim from the insurance the amount of their funeral bill under the agreement of Rose Johnson, on the faith of which they made the funeral. It cannot be maintained that the contract between Johnson and the Insurance Company was illicit. It was covenanted in good faith and for consideration, and Johnson dying, *the Company has carried it into execution*. It would have been paid to Rose Johnson, the named beneficiary, but for the claim of said next of kin, and the Company has deposited the amount in Court. As to Johnson and the Company, the contract has been fully executed.

If regarded as a stipulation *pour autrui*, the *autrui* has accepted, and this by the Code completes the contract, as to her. Moreover, she paid the premiums, as they matured, and had possession of the policies and assigned them to the Geddes Co. as collateral, after Johnson's death (the happening of the condition), and before the next of kin appeared to claim his estate. By the *aggregatio mentuim* of Johnson and the Insurance Company, Rose Johnson was the beneficiary, and as the *autrui* she has accepted. Her relationship to deceased as concubine is set up as a barrier to the execution of the contract in her favor, not by the Insurance Company, but by the next of kin of deceased. The decision of the California Supreme Court (65 Pacific Reporter) is absolute authority in favor of Rose Johnson. The Company has raised no objection, but has paid the insurance, and it seems from said authority, that only the Company could raise this objection.

The relationship was illicit, but it was not outlawed by our Code. He could have given her one-tenth of the whole of his estate in movables. (— 1481).

If natural children had been born he could have recognized

them, and they would, in the absence of heirs, have had a right as such.

She worked with and for him, and cared for him, in his last illness and after his death, and was as a fact depending upon him, in the relation which he had voluntarily maintained towards her, during ten years.

The cases cited by counsel for Rose Johnson sustain her claim for the fund.—Woodman of the World vs. Rutley, Cal. Supreme Court, 65 Pac. Rep. 1105; Vivor vs. K. of P., 52 N. J., L. 455; De Grote vs. K. of P., Pa. State, vol. 175, fol. 50; Busch vs. Sup. Tent K. of P. of M., 81 Mo. 526; Watoins case, 21 Fed. Rep. 698.

As dependent, the obligation of the natural father to provide for his illegitimate children have been recognized in matters of life insurance, and also that his agreement, with their mother, for their benefit, was enforceable. Hauley vs. Sup. Tent K. of P. of M., 77 N. Y., Supp. 246; Moncreif vs. Ely, 19 Wend. 405; Hock vs. Pratt, 78 N. Y. 371; Tood vs. Weber, 95 N. Y. 181.

Absolute dependence is not *sine qua non* for insurable interest. Any degree of dependence, which results from the relationship of the parties, it would seem to be sufficient. Manifestly concubinage is not lawful. Marriage is the policy of the law, but by our Code the concubine is not wholly outlawed, for the man may donate to the woman one-tenth of his movables. In this case, the next of kin have all the movables, and why, under the peculiar facts here shown, they should also take the $180 life insurance which the deceased and insurance company agreed, for value given and paid by Rosa Johnson, should enure to her, I cannot see. On the faith of their insurance contract, the Geddes Co. gave the deceased decent burial. The beneficiary named in the contract engaged their service and delivered the policies as collateral.

The next of kin did nothing, and for aught that appears, as

advanced, or done by them, the Potter's field would have been the last resting place of deceased.

'Life insurance has no place in our Code.

It is a contract *sui generis;* each case must rest on its own peculiar feature. The law applicable found in the authorities above cited is conclusive in favor of Rose Johnson, and under the peculiar circumstances shown here, I decide that, equitable, the Geddes Co. must be paid the full amount of their bill. As heirs accepting simply and purely the brothers and sister cannot complain of this, for they would be bound for the funeral charge.

The balance of the fund, after paying the Geddes Company, must go to Rose Johnson, the beneficiary named in the contract, and the demand of the recognized heirs must be dismissed at their costs. The Insurance Company is dismissed with its costs."

Investigation of the record and the law have led us to the view of the district judge, and we adopt as our own his admirable opinion.

Moore, J., concurs in the decree.

May 16th, 1904.

Rehearing granted June 23rd, 1904.

Certified to Supreme Court, May 29, 1905.

Original decree affirmed by Supreme Court, June 21, 1905.

### ON APPLICATION FOR REHEARING.

The beneficiary in this case who has paid all the premiums is entitled to the full amount of the policies to the exclusion of the collateral heirs, and her right is not restricted to the one-tenth allowed by the Code to a concubine.

Previous decree remains undisturbed.

DUFOUR, J. We originally decided this case in favor of the concubine and awarded her the avails of the policies of insurance in controversy.

Upon information received that a similar case was pending in the Supreme Court, we granted a rehearing and resolved to await the decision of that cause.

Upon the rendering of the opinion by the Supreme Court, the title of the case being Insurance Company vs. Neal, each side in this case contended that the opinion was favorable to its contention.

Thereupon, we certified this case for instructions to the Supreme Court, and that tribunal answered our question as follows:

"The beneficiary in this case who has paid all the premiums, is entitled to the full amount of the policies to the exclusion of the collateral heirs of Frank Johnson, and her right is not restricted to the one-tenth allowed by the Code to a concubine."

This answer is an endorsement of our original conclusion.

Our previous decree remains undisturbed.

June 12th, 1905.