WALLSWORTH *against* M'CULLOUGH.

THIS was an action of false imprisonment. The cause was tried at the *Chenango* circuit, before Mr. Justice *Van Ness*, in September, 1812, and a verdict taken for the plaintiff, subject to the opinion of the court on a case, containing the following facts:

The plaintiff was arrested, by virtue of a *warrant*, issued by the defendant, a justice of the county of *Chenango*, on the complaint of one of the overseers of the poor of the town of *Norwich*, under the second section of the act for the relief of cities and towns from the maintenance of bastard children, &c. setting forth the examination of the mother of the bastard child, in the usual form. The overseers were called, as witnesses, and

*A justice issued a warrant against the putative father of a bastard child, under the act, (sess. 24. c. 18.) on the application of an attorney, who said he was authorized to make the complaint in behalf of the overseers of the poor of the town, and demanded the*

warrant in their behalf; but it did not appear that the attorney had such authority from the overseers, or either of them. It was held, that the warrant was issued without authority, and the justice, acting ministerially, was liable to an action for false imprisonment, at the suit of the person arrested on the warrant, though one of the overseers, after the arrest, had gone before the justice, and consented to the proceedings.

ALBANY,
Jan. 1813.

WALLSWORTH
v.
M'CULLOUGH.

testified that they never had made any complaint against the defendant to the justice; nor did they request him to issue the warrant, nor authorize any person to make the complaint for them, and apply to the justice for the warrant. They stated, however, that they occasionally retained *J. W. Garley*, an attorney, to assist them about the business of the town, but had not retained him in that case.

It was proved, by *Garley*, that the father of the mother of the child applied to him to know how to proceed, and went with him to the justice. *Garley* informed the justice that he was fully authorized by the overseers, or one of them, to attend to the business, and made the complaint to the justice, in their behalf; and, as their attorney, requested the justice to issue the warrant, and told him it was regular to issue the warrant, on such complaint, after examining the mother of the child.

After the arrest of the plaintiff, one of the overseers attended before the justice, and agreed that the proceedings should go on against the plaintiff.

The judge charged the jury, that the plaintiff was entitled to recover, but that they ought to give damages only for the mere loss of time. The jury found a verdict for one dollar, damages.

A motion was made to set aside the verdict, and for a new trial, for the misdirection of the judge.

*Per Curiam.* The warrant issued without authority, because it was not issued upon the complaint of the overseers of the poor, or either of them. The justice, acting ministerially in this case, was responsible for issuing the warrant, without the application required by the statute. The subsequent consent of one of the overseers, that the proceedings might go on, would not deprive the plaintiff of his action for the previous arrest upon a warrant irregularly issued.

Judgment for the plaintiff.