STOWELL *vs.* THE OVERSEERS OF THE POOR OF VOLNEY.

An appeal to the general sessions from an order of filiation or sustenance made by two justices of the peace, pursuant to the provisions of the revised statutes concerning the support of bastards, destroys the effect of the order as *res judicata;* and if after such appeal the proceeding is discontinued by the overseers of the poor who made the complaint, the overseers of any other town which is, or is likely to become chargeable, may institute new proceedings notwithstanding such former order.

CERTIORARI to two justices of the peace, to review proceedings had before them, under the provisions of the revised statutes relative to the support of bastards. The facts are sufficiently stated in the opinion of the court.

*J. Crombie,* for the plaintiff.

*R. H. Tyler,* for the defendant.

*By the Court,* WHITTLESEY, J. From the papers in this case it appears that the mother of the bastard child, before its birth, resided in the town of Hastings, Oswego county. The overseers of the poor of that town, fearing that the child would become a charge upon it, in December, 1844, made application for a warrant against the plaintiff as putative father and obtained in a proper mode an order of filiation before two justices, adjudging him to be the father; from which he appealed to the general sessions without having made any provision or given security for the support of the child. Pending this appeal and before a hearing thereon, the child was born and the mother and child removed to the town of Volney in the same county. Being no longer a charge upon the town of Hastings, the overseers of the poor of that town, in May, 1845, adjusted the matter with Stowell, received of him $11 in full satisfaction and discontinued the proceedings on the appeal, and the prosecution thus terminated. In the mean time the child became a charge to the town of Volney. The overseers of that town finding

that no security had been given by the putative father for the support of the child, applied to the sessions to be let in to prosecute the appeal. To this Stowell objected, and the court sustained the objection, on the ground that that proceeding had been discontinued by the parties thereto. Afterwards, in June, 1845, the overseers of Volney instituted new proceedings in their own name to charge Stowell as putative father of the child with its support. To these fresh proceedings he set up the former conviction and order of filiation as a bar. The justices decided that they were not precluded from going on, and they accordingly heard the matter on the merits and adjudged that Stowell was the father of the child, that it and its mother resided in Volney and were destitute of support and were chargeable to that town ; and they reduced their adjudication to writing according to the statute. Stowell then sued out this *certiorari.* Whether the matters which have been mentioned constituted a legal bar, is the material question in the case.

If a woman has been delivered or is about to be delivered of a bastard child likely to become chargeable to any county, city or town, complaint may be made by the superintendents of the poor of the county, or the overseers of the poor of the town in which said woman shall be. (1 *R. S.* 642, § 5.) The person charged with the paternity of the child is to be tried before two justices. If they determine that he is the father, they are to make an order of filiation, specifying the sum to be paid weekly for its support, and for the support of the mother during her confinement, and to certify the costs. (*Id.* 644, § 13.) When the person charged is convicted, he is, upon notice of the order, to pay the costs and give a bond with sureties, conditioned to pay the weekly sum ordered for the support of the child and sustenance of the mother, or such sum as may be afterwards ordered by the general sessions, and to indemnify the county and town where the bastard shall have been born, &c. and every other county, town or city which may have incurred any expense, or may be put to any expense for the support of such child against all such expenses. (*Id.* 645, § 14.) If the conviction contained in the adjudication is followed up by the exe-

cution of such a bond, the proceedings are complete, and not only the town complaining, but all other counties, cities and towns, are by the security so furnished indemnified against the expense of the support of the child, and may obtain a reimbursement of their expenses by means of the bond. If the proceedings were perfected by the execution of this bond, doubtless they would be a bar to any similar proceedings on the part of any other town, because such other town would have an ample remedy on the bond given in consequence of the first proceedings. (*Id* §§ 23, 47, 48, 49.) But the party charged as father, instead of executing the bond before referred to, may give a bond that he will appear at the next court of general sessions of the county; (§ 14;) and such a bond operates as an appeal from the order of filiation. (§ 24.) Where there is an appeal there is no provision made for securing the support of the child; though the party charged must pay the costs, and in default of payment may be committed. (*The People* v. *Stowell*, 2 *Denio*, 127.) This appeal is a continuation of the proceedings commenced before the two justices, and the adjudication of the two justices is barren of results until the matter has received a new adjudication in the sessions. As to the facts it is a new trial, as the proofs are to be again taken in that court; which may affirm or quash the order of the two justices, or make an entirely new order of affiliation. (*Id.* 647, §§ 28, 29.) Until a new order is made by the general sessions, the towns who are chargeable with the support of the bastard child are without indemnity against the expense of such support, except so far as it is furnished by the bond for appearance at the sessions. If before the time for such appearance the town which originally complained being relieved of the charge for the support of the child by its removal into another town, neglects to appear at such term of the sessions, and the party charged appears in pursuance of his bond, he is relieved from liability upon it, and if his position is correct, he is also discharged from liability to any other town on account of the child, which by law and moral obligation he should support. Such will be the result, if a former conviction, without resulting in any indemnity or any

Stowell *v.* The Overseers, &c. of Volney.

means by which indemnity can be secured is held to be a bar to new proceedings.

It seems to me that the proceedings in the first case, in which the appeal was taken, are incomplete until a decision by the general sessions. It is virtually a suit commenced before two justices and continued before the sessions, but which never reached a final adjudication; and it was discontinued by the plaintiff in such proceedings before a final order. I look upon the adjustment which took place as a discontinuance; which is no bar to another suit.

When the child became chargeable to the town of Volney it was the duty of the overseers of that town to obtain security for its support from its putative father. They would naturally inquire in the first place whether any indemnity had been provided under any previous adjudication. Finding that none had been furnished, they were at liberty, as representing a town in which the mother lived, and to which the child was chargeable, to complain of the alleged father. A previous adjudication convicting the father without resulting in any indemnity to the town, is not, and should not be a bar to the new proceedings. At least the town of Volney should be entitled to indemnity for the support of the child against the person convicted of being its father; and in a case like the present such indemnity can only be obtained by these new proceedings. The town of Volney offered to proceed before the sessions, but the other party objected. He cannot therefore complain that the proceedings were not before the sessions.

It is decided in *Thayer* v. *The Overseers of the Poor of Hamilton,* (5 *Hill's Rep.* 443,) that an acquittal on one complaint is a bar to a new proceeding for the same matter. The principle of that decision commends itself to our sense of justice. The spirit of the statute is that the person convicted of being the father of a bastard child shall support it, and indemnify every county, city and town against all expenses incurred for its support. The question whether he is the father and therefore liable for such support, is in some sort a public question; and the trial upon a charge of that character, upon the complaint

of any one town, and an acquittal upon such trial, should pro-
tect him against being harassed by other proceedings of the
same character.  He is found by such trial innocent of the fact
which in its consequence is to charge him for the support of the
child.   But the principle which would protect him from a
second trial in such a case does not cover the present case.  Here
is a trial and conviction.   But the object and spirit of the stat-
ute is not answered by a mere conviction.   It requires that the
conviction should be followed by results which will secure the
support of the child.  If such steps are taken by the party charged
after the conviction, as that the results which should follow the
conviction cannot follow, and that without any reversal of the
conviction, and while the party stands admitted and proved to
be guilty of the main fact which should charge him with the
support of the child, it seems to me very clear that such mere
inchoate and inconsequential conviction cannot be a bar to a
subsequent complaint.

Order affirmed.