## SUPREME COURT.

The People agt. William A. Boardman and another.

Where a justice of the peace issues a warrant on a complaint for *bastardy*, and the defendant is arrested and brought before the said justice and *another justice* called to his aid, pursuant to the statute, and the defendant not being ready for examination applies for an adjournment and executes the proper *bond* for his appearance on the adjourned day, there is no *breach of the bond* by the failure of the defendant to appear on the adjourned day before the said justice and a *different associate justice*, the former associate justice being absent.

*Steuben County Circuit, 1st Monday of January*, 1863.

ACTION on bond to appear on adjournment of examination before two justices, on charge of bastardy. The following facts were proved upon the trial : The warrant was issued on a proper complaint by William H. Doty, a justice of the peace of the town of Wayne, in said county, and the defendant was arrested and brought before the said justice, who thereupon called to his aid and associated with himself Levi Knox, another justice of the same town. The defendant not being then ready to proceed to the examination, applied for an adjournment thereof to another day, which was granted, and the bond in question was executed for the appearance of the defendant Boardman at the adjourned day. On the adjourned day the associate justice, Knox, was absent from the county, and Doty, the justice who issued the warrant, called to his aid Robert Bigger, another justice of the

said town, and these two justices appeared at the time and place designated, and were ready to proceed with such examination. The defendant Boardman refused to appear in person before these justices, but sent his attorney, who objected that they had no right to enter upon or make the examination. The said justices, after waiting nearly two hours, dissolved their court or sitting, and handed over the bond for prosecution.

C. BELL, *for people.*
G. B. BRADLEY, *for defendants.*

JOHNSON, Justice. Unless the tribunal before which the defendant Boardman undertook to appear on the adjourned day met, and had a session for the purpose of an examination, according to the statute said defendant was not in default for not appearing, and there has been no breach of the bond; and if there has been no breach, no action can be maintained upon it. If the court did not meet and sit, there was nothing before which he could appear, and his presence at, or absence from, the place, merely, is of no consequence whatever.

This presents the question whether the defendant Boardman was obliged to appear and answer before any other justices than those first associated, and who are named in the bond. I am clearly of the opinion that he was not. The language of the statute is precise and explicit upon this point.

When a party is arrested on such a warrant, and is brought before the justice who issued it, such justice is required immediately to call to his aid any other justice of the same county; " and the said two justices shall proceed without unnecessary delay to make the examination of the mother."

It is then provided by § 12 of the act, that " if the said justices shall not be prepared to proceed, or the person charged shall require delay," they may adjourn such ex

amination for any time not exceeding six weeks, and take a bond with sureties from such person for his appearance at such time " before them."

That was the bond given in the present case. The two justices thus associated had then jurisdiction of the person of the defendant, and of the subject matter of the examination. No other magistrates or tribunal had such jurisdiction; nor·could it be obtained without a new process, or the express consent of the defendant.

Section 13 of the statute provides that "the said justices shall determine who is the father of such bastard, or of such child likely to be born a bastard," and points out the method to be pursued by them.

Thus by statute the said "justices" are to constitute the tribunal to make the examination, and to determine the matter before it; and I do not see how any other justices, or any other body, could take cognizance of it without the defendant's consent.

It is urged in behalf of the people that the justice, Bigger, was eligible, and might as well have been called in the first instance as the other Justice Knox. This is true, but he was not so called until after the tribunal to try the matter had been formed, and it was then too late.

The statute provides that the justice who issued the warrant, and the justice who is called to his aid, where the person arrested is brought before him, "shall determine" the matter. It is a tribunal of special and limited powers, and must proceed according to the statute, or it has no authority whatever. As there was no sitting or appearance of the court or tribunal before which the defendant undertook to appear, his appearance in the manner and for the purpose contemplated by the statute and by the bond, was impossible, and there is no breach, and no action can be maintained.

The defendants must, therefore, have judgment for their costs of their action.