Rivenburgh *v.* Henness.

HENRY RIVENBURGH, Appellant, *v.* CORNELIUS HENNESS et al., Respondents.

(GENERAL TERM, THIRD DEPARTMENT, JUNE, 1871.)

Where an overseer of the poor commenced bastardy proceedings before a justice of the peace, who was his son-in-law, and whose wife was still living, and this justice associated another with himself, and after the usual proceedings the justices made an order of filiation, and for the neglect of the party charged to comply with the same committed him to jail,—*Held*, that the overseer was a *party* to the proceedings in such sense that the proceedings were void and the justices liable to an action for false imprisonment.

THIS action was tried at the circuit and the plaintiff had a verdict. An order was made that the case and exceptions be heard in the first instance at the General Term and proceedings meantime to be stayed. The case now comes on to be heard on motion for a new trial upon a case and exceptions.

*Hobart Krum*, for the plaintiff.

*Nathaniel C. Moak*, for the defendants.

Present—POTTER, P. J., PARKER and LEARNED, JJ.

By the Court—LEARNED, J. This is an action for false imprisonment, in committing plaintiff to jail in bastardy proceedings. Specherman, as overseer of the poor, commenced and conducted the proceedings before defendant, Henness, a justice of the peace, who was his son-in-law, and whose wife was then living. Henness under the statute associated with himself Rossman, the other defendant, another justice of the peace. The plaintiff claims that this affinity between Specherman and Henness made the proceedings void, and the court so held at circuit.

The statute (2 R. S., m. p. 275, § 2) declares that "no judge of any court can sit as such in any cause   *   *   * in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties." There is no doubt that the affinity between Specherman and Henness would disqualify Henness from acting as a juror in an action where Specherman was a party.

The question, therefore, is whether an overseer of the poor, who institutes bastardy proceedings, is a "party," within the meaning of the statute. In order to determine this question, it is important to see what he must and can do. (1 R. S. m. p., 642, and *seq.*)

The overseer is to *apply* to the justice to make inquiry (§ 5), and without his application the justice cannot act. ( *Wallsworth* v. *McCullough*, 10 Johns., 93 ; *Sprague* v. *Eccleston*, 1 Lansing, 74.)

His application is necessary to give the justice jurisdiction of the matter. He may offer testimony on the preliminary hearing. (§ 6.) He may appear on the trial before the justices in behalf of the public. (§ 11.)

When the justices shall have made any order, any person who shall think himself aggrieved may appeal. (§ 24.) "The court to which such appeal may be made, shall proceed to hear the allegations and proofs of the *respective parties*, and the *party in whose favor any order was made*, which shall be the subject of appeal, shall be required to substan tiate the same by evidence." (§ 28.)

As it has been held that an appeal does not lie in favor of the overseer (*People* v. *Tompkins Sessions* (19 Wend., 154), it follows that the words, "the *party* in whose favor any order was made," must apply to the overseer and to him exclusively. Thus the statute, in express words, denominates the overseer of the poor *a party*, and a *party in whose favor* an order may be made.

In the case of *Stowell* v. *Overseers* (5 Denio, 98), it was held, incidentally, that the overseer could discontinue the proceedings pending an appeal; and the court speak of the proceedings as a suit discontinued by the *plaintiff*. (See page 101.) The overseer, therefore has the power to discontinue the proceedings as well as to institute them. In section 37 the court is authorized to award costs to the *party* in whose favor any such appeal shall be determined, and to any *party* to whom notice of appeal shall be given and not prosecuted.

The *party* to whom notice of appeal shall be given is the overseer. Thus we see that the statute in several places denominates the overseer a party; that he has power (and he alone) to institute the proceedings; to adduce testimony; to appear on the trial; to have notice of an appeal; to discontinue the proceedings, even after an appeal; to recover costs of an appeal; and that he is liable to have costs recovered against him.

These rights and powers bring him clearly within the definition of a party. (1 Green. Ev., § 523.) A similar question has been decided in regard to a statute so closely analogous, that the decisions establish a precedent. By the statute (1 R. S., m. p. 614 and *seq.*), where the relatives of a poor person fail to maintain him, the overseer of the poor may apply to the Court of Sessions for an order to compel relief. In the two cases of *Baldwin* v. *McArthur* (17 Barb., 414), and *Converse* v. *McArthur* (17 Barb., 410), an application to the Court of Sessions was made under this statute by the county superintendent of the poor (they possessing the right in some counties which elsewhere belongs to the town overseer.) One of these county superintendents sat as justice in a Court of Sessions, by which court an order for support was granted, and the question was distinctly raised, was he a *party* to the suit? It was admitted that he was not *interested;* that no costs could be awarded against him, and that he was merely a nominal party. But the court held in both of those cases that the superintendent of the poor was a party to the proceedings. A comparison of the two statutes, viz., that which relates to the support of the poor and that which relates to bastardy proceedings, will show that the argument of the court applies more strongly to the latter.

In the case of the *People* v. *Wheeler* (21 N. Y., 82), the opinion of Judge DENIO holds, that the commissioners of highways are not judges, within the meaning of the disqualifying statute above cited; and that, therefore, this statute does not apply to them. But in the present case, there is no dispute that the statute applies to justices of the peace. (*Edwards* v. *Russell*, 21 Wend., 63.) The question is only whether the person who litigated before the justice was a "*party.*" And even in the case in 21 N. Y., just cited, the applicant for the discontinuance of a highway is spoken of as a party. But although he was a "*party*" to the proceedings, yet as the commissioners of highways, were not "*judges*," the statute which applies only to judges did not forbid their acting. And certainly, if we are to decide this case not by

the letter, but according to the policy of the law, the ruling of the court below must be sustained. It is impossible for men, even when they act in an official capacity, to divest themselves of personal feelings and attachments. And when an overseer of the poor conducts bastardy proceedings before his son-in-law, an order of filiation is very sure to be granted. The true spirit on this and all similar questions, is that which is seen in the decision of the Court of Appeals in *Oakley* v. *Aspinwall* (3 N. Y., 547).

Another point made by defendants is, that the court erred in charging that the plaintiff ought to have compensation enough, certainly to answer for the expenses incurred in coming into court, to obtain redress of the grievances under which he labors. To this the defendants excepted, and the court said: " That is my opinion now, but the jury may regulate it as they choose." To which also the defendants excepted. If this is to be construed as a positive charge, that the jury, in estimating the damages, were to take into account the plaintiff's costs or counsel fees of this litigation, the charge would have been erroneous on principle and under the case of *Hicks* v. *Foster* (13 Barb., 663). But it does not seem necessarily to bear that construction. The plaintiff had been imprisoned, and in some way, which does not appear in the case, had obtained his liberty. He might have incurred expense in coming into court to procure his freedom from imprisonment, which would, of course, not be included in the counsel fees or costs of this action. The court left it to the jury to regulate as they chose, and the defendant did not request any more definite charge on this point. It would have been easy to ask the court to charge distinctly that counsel fees and costs of this action should not be taken into account in estimating the damages. The remark of the court seems to have been rather an expression of opinion than a direction as to the rule of law, and this appears still more plainly by the subsequent qualification.

A question was raised as to the liability of the defendant Rossman, but there seems to be no error in that respect. The

court held that he was not liable for any act committed by Henness before Rossman's association with him; and as the court also held that no several verdict could be rendered, it would seem that the court must have held that the verdict could only be for acts committed after Rossman was associated; for whatever was done by both defendants they were liable if their acts were without authority. There should be a judgment on the verdict with costs.

Motion denied.