(8 App. Div. 514)

PEOPLE ex rel. BOARD OF POLICE & EXCISE COM'RS OF TOWN AND CITY OF DUNKIRK v. SHULMAN.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

BASTARDY PROCEEDING—RIGHT OF MOTHER TO APPEAL.
    Code Cr. Proc. § 840 et seq., providing for proceedings against the father of a bastard for its support, confers no power on the mother to prosecute the proceeding, and therefore she cannot appeal from an order made therein.

Appeal from Chautauqua county court.

Bastardy proceeding on the relation of the board of police and excise commissioners of the town and city of Dunkirk against Elias Shulman. From an order denying the motion of Katherine Maier that the magistrates be required to return to the county court the

proceedings had by them in this prosecution, said Katherine Maier appeals. Affirmed.

Since May 24, 1895, the poor of the town and city of Dunkirk have been supported by that municipality, and all the powers and duties of overseers of the poor of towns have been imposed on and vested in "The Board of Police and Excise Commissioners" of the town and city of Dunkirk. Laws 1895, c. 748, § 13. January 24, 1896, the board applied, pursuant to section 840, Code Cr. Proc., to a police justice of the city of Dunkirk to inquire into the facts in respect to a complaint that Katherine Maier was then pregnant with child likely to be born a bastard, and chargeable to said town and city. The police justice on the same day issued a warrant directing the arrest of Elias Shulman, who was charged with being the father of the child. He was arrested on the same day, and thereupon the police justice associated with himself a justice of the peace of the town of Dunkirk, and by the consent of the board and of the defendant the proceeding was adjourned until January 31, 1896. January 29, 1896, the board and the defendant entered into a written agreement, by which the latter paid $75 for the support of the child and the sustenance of the mother during her confinement, and agreed to pay the costs of the proceeding. The agreement provided that, in consideration of the payment of said sums, the defendant should be discharged from further liability for the support of the child and the mother. January 31, 1896, this agreement was presented to the superintendent of the poor of the county of Chautauqua, who ratified and confirmed the contract of January 29, 1896, and released and discharged the defendant from all liability to the board and to the superintendent of the poor of the county for the support of Katherine Maier or the child likely to be born a bastard. On the same day the board, the defendant, and Katherine Maier appeared before the magistrates, and the defendant pleaded guilty to the charge, and acknowledged that he was the father of the child likely to be born a bastard. Thereupon the magistrates made an order of filiation, adjudging him to be the father of said child, and that he pay $50 for the support thereof, and $25 for the support of Katherine Maier during her confinement and recovery, together with $34.50, the costs of the proceeding. The defendant paid these sums, and thereupon the magistrates entered an order discontinuing the proceeding, and discharging the defendant. Katherine Maier, by her attorney, objected to the discharge of the defendant, and asked to be sworn for the purpose of proving that the defendant was the father of the child; that she was in indigent circumstances, and would be unable to support herself during her pregnancy and confinement, and unable to support the child after its birth; which request was denied, and the defendant discharged. February 1, 1896, Katherine Maier served on the magistrates, on the defendant, and on the board a notice that she appealed from the order discharging the defendant from custody. The magistrates making no return, Katherine Maier, on the 14th of February, 1896, procured an order that the magistrates show cause why an order should not be granted requiring them to return their proceedings. Upon the return of the order the magistrates showed cause, stating the foregoing recited facts, and thereupon the motion was denied.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Thomas H. Larkins, for appellant Katherine Maier.
Stearns & Warner, for respondents.

FOLLETT, J. At common law the father was under no legal liability to support his bastard child, and the liability which he is now under was created and exists solely by virtue of the statutes. Moncrief v. Ely, 19 Wend. 406; Birdsall v. Edgerton, 25 Wend. 619; Todd v. Weber, 95 N. Y. 181, 189; 1 Burns, J. P. (13th Ed.) 407. The mother has no power at common law or under the statutes of

this state to compel the father to support her during confinement, or to support the child after its birth. 2 Kent, Comm. (13th Ed.) 215. The proceedings authorized by our statutes are solely for the indemnification of the civil divisions of the state from liability to support bastards. By title 5 of the Code of Criminal Procedure two independent proceedings are authorized, one against the father (section 840 et seq.), and the other against the mother, if she possesses property in her own right (section 857 et seq.), to compel either to support their bastard child. The mother cannot institute a proceeding against the father nor the father against the mother, and in case a proceeding is instituted against either by any one other than the officials authorized by the statutes, the magistrates acquire no jurisdiction. Wallsworth v. McCullough, 10 Johns. 93; Sprague v. Eccleston, 1 Lans. 74; Rivenburgh v. Henness, 4 Lans. 208; People v. Davis, 15 Hun, 209. In Rivenburgh v. Henness, supra, it was held that the officer who instituted the proceeding was a party to it, and in Stowell v. Overseers, 5 Denio, 98, it was held that the officers instituting such a proceeding might discontinue it, in which case it was done in consideration of $11 paid by the defendant. In case the officers, after instituting proceeding against the father, fail to prosecute it by reason of a settlement, legal or illegal, made with the defendant, or for any cause, the mother cannot prosecute the proceeding, because the statute confers no power on her to do so; and for the same reason the father would have no power to carry on a prosecution legally instituted by the officers against the mother in case they should discontinue it for any cause. The father has no pecuniary claim on the mother, nor the mother on the father, in respect to a child born, or likely to be born, a bastard. Neither is a party to a proceeding instituted against the other, and neither has any right to conduct, control, or prosecute a proceeding instituted against the other. In case a proceeding is instituted against the father, and an adjudication is made against him, or if a proceeding is instituted against the mother, and an adjudication is made against her, he or she may appeal from the adjudication made against him or her, as the case may be. Code Cr. Proc. § 851, et seq. But the mother cannot appeal from any order or adjudication made in a proceeding against the father, nor can the father appeal from any adjudication or order made in a proceeding instituted against the mother. We reach this conclusion without determining whether the board had power to make the settlement which was made in this case.

The learned county judge correctly decided the motion, and the order of the county court should be affirmed. All concur.