(25 App. Div. 175.)

## PEOPLE ex rel. KIRKPATRICK v. CROWLEY.

(Supreme Court, Appellate Division, Second Department. January 21, 1898.)

BASTARDY—DISAGREEMENT OF JUSTICES—SUBSEQUENT PROCEEDING.
    A disagreement of the two justices before whom a bastardy proceeding
    is tried does not constitute an acquittal, and is not a bar to a subsequent
    proceeding, before two other justices, based on the same charge.

Appeal from Rockland county court.

Action by the people, on the relation of Charles Kirkpatrick, as overseer of the poor, against John Crowley, on a complaint in bastardy. From a judgment of the county court (45 N. Y. Supp. 824) affirming an order made by two justices of the peace, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Garrett Z. Snider, for appellant.
Richard S. Harvey, for respondent.

WOODWARD, J. The defendant was arrested upon a warrant issued by Justice Whyard, and was tried before him and Justice McKimm. The result of this trial was a disagreement of the justices, which is recorded in the docket of the justice issuing the warrant in the following language: "Determination, order, or judgment: The justices failed to agree that defendant was the father of said child." The plaintiff then made a new complaint before another justice of the peace, who issued his warrant, and, associating with himself another justice, as provided by the statute, proceeded to try the defendant. He was declared to be the father of the child, and an order of filiation was issued, directing the defendant to pay two dollars per week for the support of the child. This action was taken in the face of the protest of the defendant, who claimed that the original action had resulted in an acquittal, and that it was a bar to subsequent proceedings. The case was appealed to the county court of Rockland county, where the judgment of the justices issuing the order was affirmed; and the case now comes to this court upon an appeal from the order of the county court.

The only question which is presented, about which there is any real controversy, is whether the original proceeding was an acquittal, and whether it operates as a bar to future proceedings. If it was not an acquittal, and it does not operate to bar further proceedings, then there can be no question as to the correctness of the judgment of the court below. This question has never been adjudicated, so far as a diligent examination of the authorities in this state discloses, probably for the reason that no one has ever before contended that a disagreement on the part of a court or jury was equivalent to an acquittal. Section 848 of the Code of Criminal Procedure provides that, upon the arrest of an individual charged with being the father of a bastard, the magistrate before whom he is brought must—

"Immediately associate with himself, another justice of the peace or police justice in the same county or city; and the two magistrates thus associated, must enquire into the charge."

And section 850 provides that:

"Upon the hearing the magistrates must determine who is the father of the bastard, and must proceed as follows: (1) If they determine that the defendant is not the father of the bastard, he must be forthwith discharged. (2) If they determine that he is the father, they must make an order of filiation, specifying therein the sum to be paid weekly or otherwise, by the defendant for the support of the bastard."

The magistrates are required to "reduce their proceedings to writing, and subscribe them," and from the record thus made the party aggrieved may appeal to the county court. The language of the law is that "upon the hearing the magistrates must determine who is the father of the bastard"; but this is not to be construed to compel the magistrates to determine "who is the father of the bastard," but as pointing out their special duty in the premises. It might be absolutely impossible to determine the question, and the very fact that the legislature has provided for two justices of the peace to act in the proceeding presupposes that a disagreement may result; and it is absurd to suppose that an enactment intended to protect the taxpayers of a community against a burden imposed through the gratification of individual lusts is to become inoperative because of such a disagreement. Two justices were necessary to protect the individual against abuses, and it is unreasonable to contend that the mere refusal of one justice to agree as to the fact of parentage can defeat the object of the law, which was to prevent bastards becoming a public charge. In the present case the two justices disagreed. This fact they set forth in writing, subscribed by themselves, and the defendant was permitted to depart. The proceeding ended there. The parties stood in the same position that they occupied before the arrest. And the bastard child, likely to become a public charge, imposed upon the overseer of the poor of the town of Orangetown the duty of protecting the taxpayers. Acting upon this theory, and in the discharge of his duty, he caused the defendant to be arrested; and upon the inquiry, held before two other justices of the peace, he was found to be the father of the bastard; and upon an appeal being taken to the county court, where the case was retried, the action of the justices was sustained; and this court can find no authority for overruling the judgment. In the case of People v. Boardman, 24 How. Prac. 514, the court, speaking of a case in bastardy, where the associate justice had failed to be present on the day set for the appearance of the defendant, say:

"The two justices thus associated had then jurisdiction of the person of the defendant, and of the subject-matter of the examination. No other magistrate or tribunal had such jurisdiction; nor could it be obtained without a new process, or the express consent of the defendant."

While it is true that this is not necessarily a part of the decision in this case, it indicates clearly that in the opinion of Mr. Justice Johnson, of the supreme court, a new process might have been issued in the case, and the fact of the proceeding before the original justices, in which one of them failed to appear, would not have been a bar to such a proceeding.

In the case of Stowell v. Overseers of Poor of Volney, 5 Denio, 98, the defendant was arrested, and found to be the father of the bas-

tard, in the town of Hastings. He appealed to the circuit court, without giving security for the support of the child; and pending the appeal the mother removed, with her child, to the town of Volney. The child being no longer liable to become a public charge in the town of Hastings, the overseer of the poor of that town entered into an agreement with the father of the child by which he was released from the order of filiation in consideration of the payment of $11, and the appeal was dropped. Afterwards the overseers of the poor of the town of Volney instituted new proceedings against the defendant, who pleaded the previous conviction and settlement; but the court (delivering its opinion through Justice Whittlesey) sustained the proceeding, and the defendant was compelled to comply with the order of filiation in the town of Volney. After a careful review of the case, the court say:

"When the child became chargeable to the town of Volney, it was the duty of the overseers of that town to obtain security for its support from its putative father. They would naturally inquire, in the first place, whether any indemnity had been provided under any previous adjudication. Finding that none had been furnished, they were at liberty, as representing a town in which the mother lived, and to which the child was chargeable, to complain of the alleged father. A previous adjudication, convicting the father, without resulting in any indemnity to the town, is not, and should not be, a bar to the new proceeding."

This case has never been criticized, so far as we have been able to discover; and it would seem clear that, if a man who has once been discharged from the operation of an order of filiation may for a second time be called to answer, there could be no objection to a new proceeding in a case where the trial justices have failed to agree. To hold that a mere disagreement on the part of two men can forever defeat the operation of a statute which has for its object the protection of the community against burdensome taxation produced by the acts of individuals in derogation of public policy is to do violence to reason and justice.

The judgment of the court below is therefore affirmed. All concur.