(23 Misc. Rep. 138.)

MAYOR, ETC., OF CITY OF NEW YORK v. CELIA et al.

(Supreme Court, Appellate Term.    March 28, 1898.)

1. BASTARDY—COMPROMISE.

The power to compromise a bastardy undertaking given under Code Cr. Proc. § 851, is vested solely in the commissioners of charities, and the mother of the child has no power to release the obligations thereof.

2. SAME—ACTION ON BOND.

In an action brought upon a bastardy undertaking, under Code Cr. Proc. §§ 881, 882, to recover installments due, evidence that the defendant had paid a sum of money directly to the mother of the child is properly excluded, his obligations being to pay the sum specified in the undertaking to the commissioners of charities.

Appeal from Third district court.

Action by the mayor, aldermen, and commonalty of the city of New York against Nicholas Celia, Alesandro Delli Paoli, and Vincenzo Celia. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Edward McKinley, for appellants.

M. A. Lesser, Asst. Corp. Counsel, for respondents.

GILDERSLEEVE, J.    The defendant Nicholas Celia gave a bond, under section 851 of the Criminal Code, with the other two defendants as his sureties, to pay $2.50 a week for the support of his bastard child. He defaulted in the payment of such weekly installments, and the commissioners of public charities ordered suit to be brought, under sections 881, 882, Cr. Code, to recover the total installments then due, amounting to $100. By the terms of his bond, said defendant and his sureties are held and bound to the people of the state of New York in the sum of $250, to be paid to the said people of the state of New York; in case of the failure of the said defendant to pay weekly, and every week, such sum of $2.50 for the support of such child. On the trial, defendant sought to introduce in evidence an alleged release, claimed to have been executed by the guardian of the mother of the child, by which said mother released the defendant from all obligation to support the child, in return for the sum of $50, alleged to have been paid by the said defendant to the said mother. No offer is made by defendant to show that the child had been actually supported by its mother. This alleged release was ruled out, to which ruling defendant duly excepted, and judgment was given for the plaintiffs.

The questions presented upon this appeal are: (1) Did this exclusion of the alleged release constitute reversible error? and (2) should the defendant have been allowed to prove that he had paid to the mother, for the support of the child, in addition to the amounts paid to the commissioners of charities, the sum of $50, on August 18th, the time of the alleged release, so that such sum might be credited on the $100 due on the bond?

We agree with the learned assistant corporation counsel that it was not necessary for plaintiffs to prove the actual payment of money by the city authorities for the support of the child; but that the defendant's neglect to pay the sum ordered to be paid for such support was a breach of the undertaking, and the measure of the damages was the sum ordered to be paid, and which was withheld at the time of the commencement of the action, with interest thereon. Cr. Code, § 883. So far as the release purports to free the said defendant from the obligations of the bond, its introduction was entirely inadmissible. The bastardy undertaking was made to the people of the state of New York, for the purpose of insuring the support of the child. It was not given for the support of the mother. She is not a party to it, and she has no interest in it. She cannot, in any way, affect it, either in its operation, force, or continuance. See People v. Shulman, 8 App. Div. 517, 40 N. Y. Supp. 779. The power to compromise is vested solely in the commissioners of charities; and, as this function is judicial in its nature, as distinguished from a purely ministerial duty, it could not effectively be transmitted to another person. The evidence, sought to be introduced by defendant, that one Blake, who appears to have died before the trial, and of whose official position or authority no evidence is offered, had verbally consented to the release, was clearly inadmissible. No effort is made to prove that the commissioners of charities had ever sanctioned the release, or even knew anything about it.

With regard to the exclusion of the evidence, offered by defendant, to prove that he had paid $50 to the mother of the child, it must be held that there was no error in such ruling. The defendant paid the money, if at all, at his own risk, and with such payment the plaintiffs are not at all concerned. Defendant's obligation was to pay to the commissioners of charities the sum of $2.50 a week, and he cannot avoid that obligation by paying $50 to another party, without authorization by the commissioners of charities, even if that other party was the mother of the child. See People v. Shulman, supra.

It therefore follows that the judgment appealed from should be affirmed, with costs. All concur.