### CITY OF NEW YORK v. BUECHEL et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

**BASTARDY—ACTION ON BOND—DEFENSE.**

Under Code Cr. Proc. § 883, providing that in actions on bastardy bonds it shall not be necessary to prove any actual payment of money by the municipality for the support of the child or the mother, but "the neglect to pay the sum ordered to be paid" for such support is a breach of the undertaking, and the measure of damages is the sum directed to be paid, which has been withheld, defendants in an action on a bastardy bond cannot defend by showing that the child was supported by the mother, and that no expenditures were incurred by the municipality.

Appeal from municipal court.

Action by the city of New York against William Buechel and others. From a judgment for plaintiff, defendants appeal. Affirmed.

75 N.Y.S.—53

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William L. Carey, for appellants.
Alexander McKinny, for respondent.

WOODWARD, J. This action was submitted upon an agreed statement of facts. It is a bastardy proceeding, and it was conceded that an order of filiation was made; that a bond was given; that no payments were made on said bond; that the children were born at the home of the mother; that they were in fact maintained by the mother; that no expenses have been incurred and no expenditures made by the city. Upon this state of facts the learned court below gave judgment for the plaintiff. and appeal comes to this court.

We are of opinion that the judgment should be affirmed. It is provided by section 883 of the Code of Criminal Procedure that in an action of this character "it is not necessary to prove the actual payment of money by a county superintendent, overseer of the poor, officer of an almshouse, or other person; but the neglect to pay a sum ordered to be paid, by competent authority, for the support of the bastard, or of its mother, is a breach of the undertaking, and the measure of the damages is the sum ordered to be paid, and which was withheld at the time of the commencement of the action, with interest thereon." The order of filiation provided that the defendant Michael Coyne "shall and do, upon notice of this order, pay or cause to be paid to the commissioner of public charities of the city of New York, in the boroughs of Brooklyn and Queens, the sum of four dollars weekly, and every week, from the day of the birth of said child, for and toward the support and maintenance thereof, for and during so long a period of time as said bastard shall be chargeable to the city of New York. And it is further ordered that the said defendant shall pay to the said commissioner of public charities of the city of New York, in the boroughs of Brooklyn and Queens, the sum of thirty dollars for the sustenance of the mother of said child so likely to be born a bastard, during her confinement and recovery therefrom." The defendant was also directed to give the bond on which this action is brought, in the sum of $300, for the performance of the conditions of the order. There is no pretense that there has been a payment made under this order, though twins were born, both of whom subsequently died, and it is no defense that the mother has borne all of the expenses. The proceeding is statutory. The defendant was adjudged to be the father of the child likely to be born into the world a bastard, upon the oath of the mother, and a neglect on his part to make the payments directed by the order of filiation is sufficient to constitute a breach of the undertaking. Mayor, etc., v. Celia, 23 Misc. Rep. 138, 50 N. Y. Supp. 637; Tillotson v. Martin, 40 Hun, 316. The defendant owed the duty of compliance with the conditions of the order, and, upon a failure to pay the amount directed by the order, the bondsmen became liable to the plaintiff, for it had been judicially determined that the defendant

was "the father of said child so likely to be born a bastard," and the mother had declared on oath that "the said child was likely to be born a bastard, and to be chargeable to said city of New York."

The judgment appealed from should be affirmed, with costs. All concur.