BEFORE STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FILOMENA GRILLO and JOSEPH
    P. SALERNO, Respondents, for Compensation under the
    Workmen's Compensation Law, for the Death of ABRAMO
    DE LUCA, *v.* SHERMAN-STALTER COMPANY, Employer, and
    the STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT,
    MICHIGAN, Insurance Carrier, Appellants.

Third Department, February 28, 1921.

Workmen's Compensation Law — evidence — foreign certificates of
  births and marriages not evidence of relationship between decedent
  and alleged widow — notice of claim to be filed by mother of
  illegitimate dependent children within time limited by section 28
  of statute — appointment of guardian not contemplated by
  statute — failure to file claim within time limited.

The relationship of the claimant, a citizen of Italy, as the widow of the
    decedent, cannot be established by certificates of births and marriages
    executed in Italy by an official of vital statistics and a mayor, even though
    the names appear to be those of the decedent and the alleged widow, for
    such certificates do not come up to the requirements of evidence as specified
    in sections 952, 953 and 956 of the Code of Civil Procedure.

Assuming that illegitimate children have rights under the Workmen's
    Compensation Law, the mother is the one who should move in the matter
    and file a claim for compensation; the statute does not contemplate the
    appointment of a guardian to act for them.

The failure of the mother to file a claim for compensation on behalf of the
    children within the time limited by section 28 of the statute is fatal to
    the right to claim an award.

JOHN M. KELLOGG, P. J., dissents.

APPEAL by the defendants, Sherman-Stalter Company and
another, from a decision and award of the State Industrial
Commission, made on or about the 20th day of June, 1919,
and also from an award of said Commission made on or about
the 19th day of January, 1920.

*Neile F. Towner*, for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken, Deputy
Attorney-General*, of counsel], for the respondents.

WOODWARD, J.:

The State Industrial Commission finds as conclusions of fact that on the 20th day of September, 1917, Abramo De Luca was drowned while engaged in his regular employment in connection with the dredging out of a portion of the Barge canal near Clyde, and that this portion of the canal was not a part of the navigable waters of the United States. It also finds that De Luca left him surviving a widow, living in Italy, with six conceded illegitimate children, dependent upon him at his death, and awards are made to each one of these. The employer and the insurance carrier appeal from the awards.

It is urged against the award made to Filomena Grillo, alleged widow, residing in Italy, that there is no competent evidence that she is the widow of the decedent. There are three certificates. The first of these is an alleged certificate of the birth of " Grillo Filomena, the daughter of Peter and Capparelli Giulia," at Acquaformosa, Italy, on the 12th day of May, 1861. This certificate is signed " D. Rossani, Official of Vital Statistics," and bears a municipal seal. The second certificate purports to be of the marriage of Grillo Filomena, daughter of Peter and Capparelli Giulia, and De Luca Abramo, son of Peter and Matrangolo Maria, and is authenticated in the same manner as the previous certificate. The third purports to be a birth certificate of the family of De Luca Abramo, consisting of the wife and one son and two daughters. This is signed by the same name, but as mayor, and has a municipal seal. It does not show any certificate of birth of the decedent, though it is recited that he was " born in this town," and aside from the likeness of names there is nothing to show that the decedent was the husband of the woman in Italy, or that she was not legally divorced from him. Section 72 of the Workmen's Compensation Law provides that " the Commission may cause depositions of witnesses residing within or without the State to be taken in the manner prescribed by law for like depositions in civil actions in the Supreme Court," but we find no authority for accepting certificates of births and marriages and of alleged families as evidence of the fact of relationship between a man killed in America and a woman residing in Italy, even though the names appear to be those of an alleged contracting couple back in the year 1891. Sections 952, 953

and 956 of the Code of Civil Procedure specify the requirements in reference to records and documents of a foreign country entitled to be used as evidence, and it is entirely clear that these certificates by the mayor and official of vital statistics do not come up to the requirements of evidence. (*Pifumer* v. *Rheinstein & Haas, Inc.*, 187 App. Div. 821; *Fosket* v. *Buschmann Co.*, 193 id. 342, 344, and authorities there cited.) The award to the alleged widow may not, therefore, be sustained.

The award to the illegitimate children is challenged on the ground, among others, that no claim for compensation was filed with the Commission within one year from the death of Abramo De Luca, and that the claim was barred by section 28 of the Workmen's Compensation Law at the time the award was made. This provision of the statute is that " the right to claim compensation under this chapter shall be forever barred unless * * * within one year after such death, a claim for compensation thereunder shall be filed with the Commission." (See, also, Laws of 1918, chap. 634, amdg. said § 28.) Abramo De Luca died from drowning on the 20th day of September, 1917. At a hearing held at Rochester on the 31st day of December, 1918, more than a year after the death of this man, a claim appears to have been signed by the mother of these children, though attention was called at that time to the fact that the year had expired. If this mother had the right to make this claim as guardian or next friend at the time of signing this claim on the 31st day of December, 1918, she had it at all times subsequent to the death of Abramo De Luca, and her failure so to act was fatal to the claim. The statute is positive; " the right to claim compensation " is " forever barred " unless the claim is made within one year, and the only limitation upon this section is that contained in the section as amended in 1918, which does not apply here because objection was duly made, and that contained in section 116 which provides that the statute shall not run against a " minor dependent " so long as he has no " guardian or next friend." If we read this exception to require that the claim shall be filed by the legal guardian or next friend, then it appears in the record that on the 28th day of July, 1919, Joseph P. Salerno was duly appointed guardian for the said illegitimate children, and the payments are directed to be

made to him, although he has never made any claim. Assuming that the claim should have been made by the guardian appointed by the court, the exception to the rule laid down in the 28th section of the statute extends only so long " as he has no committee, guardian or next friend," and that came to an end at the date of the appointment on the 28th day of July, 1919. This guardian has taken no action, and his time to act expired on the 28th day of July, 1920.

We are of the opinion that the mother of these illegitimate children as guardian by nurture, had the right to the custody and control of their affairs. (3 Am. & Eng. Ency. of Law [2d ed.], 888.) At common law the putative father of a bastard child is not bound to support it, this legal obligation devolving upon the mother. (3 Am. & Eng. Ency. of Law [2d ed.], 889; *People ex rel. Board of Police* v. *Shulman,* 8 App. Div. 514, 516; *Todd* v. *Weber,* 95 N. Y. 181, 189, and authority there cited.) Assuming that illegitimate children, who are not looked upon as children for any civil purposes (3 Am. & Eng. Ency. of Law [2d ed.], 889), have rights under the broad humanitarianism contemplated by the Workmen's Compensation Law, it seems to us clear that the mother is the one who should move in the matter; that she is the guardian or next friend of her offspring, and that the statute did not contemplate the appointment of a guardian to act for her children. The notice of injury required by section 18 * of the act contemplates that the person injured, or any one acting for him, may give the notice, and we anticipate that a mother, whether of legitimate or illegitimate children, if living and competent to act, may make a claim and file it with the Commission. If this is true, then her failure to act within the time limited by the statute is fatal to the right to claim an award, and the State Industrial Commission was without jurisdiction of the subject-matter at the time this award was attempted to be made.

The awards in both instances should be reversed and the claims dismissed.

All concur, except JOHN M. KELLOGG, P. J., dissenting.

Awards reversed and claims dismissed.

---

* Since amd. by Laws of 1918, chap. 634.— [REP.