Before STATE INDUSTRIAL BOARD, Respondent.

PASQUALINE A. PAOLA, Respondent, *v.* PORTER BROTHERS and Another, Appellants.

Third Department, June 27, 1924.

Workmen's compensation — death benefits — accident occurred in July, 1921 — no proof of death of employee — affidavits as to death not legal evidence — alien dependents — Workmen's Compensation Law, § 121-a (added by Laws of 1923, chap. 46), not complied with as to proof of existence of widow and children — certificate of registrar of vital statistics in Italy not verified or authenticated not evidence — award reversed.

An award of death benefits to alien dependents for the death of an employee caused by an accident which occurred in July, 1921, will be reversed, since there is no proof of death nor any proof connecting the alleged death of the employee with the accident.

An affidavit by the Consul-General of Italy reciting facts not within his knowledge and affidavits by a brother of the deceased employee and by a clergyman and an undertaker and an unverified statement by a physician are not legal evidence of the death of the employee or the cause thereof.

The existence of a widow and children of the deceased employee in Italy was not established by evidence complying with section 121-a of the Workmen's Compensation Law (added by Laws of 1923, chap. 46) since it appears that the only evidence was the unverified certificates of the registrar of vital statistics that the alleged widow married the deceased and that the alleged children were born on certain dates and that all are still living, which certificates do not show the source of the registrar's information and are not authenticated as to the registrar by the Secretary of State or other official having charge of foreign affairs in Italy as required by said section.

The certificates of the registrar were executed before the existence of said section 121-a, but independently of that section they are insufficient to establish the facts recited therein.

APPEAL by the defendants, Porter Brothers and another, from an award of the State Industrial Board, made on the 7th day of September, 1922, and also from an award made on the 1st day of June, 1923.

*William Warren Dimmick,* for the appellants.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J.:

While working on a trestle it collapsed and the employee fell about eight feet and was hit by a falling timber whereby, as stated in the employer's report of injury, he sustained " general injuries and broken collar bone." The Board finds that there was " resultant traumatic pneumonia from which he died on the 9th day of August, 1921; his death being the result of the injuries which he sustained on the 29th day of July, 1921." There is no proof of death nor if the employee died is there any proof connecting his death with the accident. No oral evidence was received. There is an affidavit by the Consul-General of Italy in New York of facts clearly not within his knowledge which if evidence would make out the entire case. There is an affidavit by a brother of deceased which takes for granted his death without apparently any knowledge of the fact. There is an affidavit by a clergyman that he officiated at the funeral of some person not named. There is an unverified statement by a physician stating that the employee is dead and that his death was the result of traumatic pneumonia. There is an affidavit by an undertaker that he buried the deceased. But none of these documents are legal evidence nor does it appear that they were received in evidence at any hearing at which the appellants were represented. Subdivision 5 of section 21, added after the accident by chapter 568 of the Laws of 1923, provides " that the contents of verified medical and surgical reports introduced in evidence by claimants for compensation shall constitute *prima facie* evidence of fact as to the matter contained therein." As above stated, the report of the physician is not verified and the statements of the Consul-General, brother, clergyman and undertaker whether verified or unverified are not legal evidence.

The widow and children of deceased live in Italy. The Attorney-General contends that their existence and ages have been established by documentary evidence under section 121-a, added by chapter 46 of the Laws of 1923, but there is no compliance therewith. That section provides that " transcripts of birth or marriage certificates, also documents and affidavits " properly certified and authenticated

shall be received in evidence. The "transcripts" clearly mean copies of records in a public office. "Documents" refer to such as may exist in the foreign country. There is here neither such transcript nor document nor any affidavit but merely the unverified certificates of the registrar of vital statistics that the alleged widow married the deceased and that the alleged children were born on certain dates and that said widow and children are still living. What, if any, knowledge the registrar had of these facts does not appear. He may have had none. If he gleaned the facts from records in his office there has still been no compliance with the statute. It would seem that the widow is the most natural person by whom to prove her marriage and the dates of the birth and the existence of her children which proof this statute permits her to furnish by her own affidavit certified and authenicated as required. Neither does it appear that the authentication as to the registrar of vital statistics has been made "by the Secretary of State or other official having charge of foreign affairs in said foreign country" as required by said section. The official status of such officer we think should appear in his authentication. The statute provides a simple and expeditious method of procuring the necessary evidence from a foreign country and there is no great difficulty in complying with its provisions. Such compliance is deemed essential and not unreasonable. As a matter of fact the certificates of the registrar were executed before the existence of section 121-a, but independently of that section they are insufficient. (*Grillo* v. *Sherman-Stalter Co.*, 195 App. Div. 362; *Di Ionna* v. *Terry & Tench Co., Inc.*, 203 id. 270; *Pifumer* v. *Rheinstein & Haas, Inc.*, 187 id. 821; *Bonnano* v. *Metz Brothers Co.*, 188 id. 380.) There is no justification any where either in law or in reason for such vague practice as has been approved in this case. The Board has awarded over $4,000 without any legal evidence whatever as to the essential facts above indicated.

The award should be reversed and the proceeding remitted to the State Industrial Board, with costs to the appellants to abide the event.

All concur.

Award reversed and proceeding remitted to the State Industrial Board, with costs to the appellants against said Board to abide the event.