In the Matter of the Petition of JAPAN COTTON TRADING Co., LTD., Appellant, for an Order Directing that Arbitration Proceed in the Manner Provided for in Four Certain Contracts with BENJAMIN FARBER, Respondent.

First Department, November 6, 1931.

*William T. Gossett* of counsel [*Ralph S. Harris* with him on the brief; *Hughes, Schurman & Dwight*, attorneys], for the appellant.

*Bernard Hershkopf* of counsel [*I. Gainsburg*, attorney], for the respondent.

O'MALLEY, J. On March 27 and April 2, 1930, the petitioner-appellant, Japan Cotton Trading Co., Ltd., hereinafter designated Trading Company, as seller, and the respondent, Benjamin Farber, hereinafter designated Farber, as buyer, entered into two written contracts signed by each, for the sale and purchase of a quantity of raw silk. Under date of April 11, 1930, Trading Company sent Farber two other contract forms signed by it, calling for a further quantity of the same material. These contracts, like the first two, had a space reserved for the signature of the buyer and

contained the following provision: "Please sign this contract in duplicate \* \* \* and return one copy promptly." These last two forms have apparently never been signed by Farber.

All four of these forms contained a provision for arbitration of all disputes that might arise thereunder under the rules of the Silk Association of America. Admittedly none of these contracts was performed and it appears that Farber desired to be relieved from their obligations. As a result an attempted adjustment was made and Farber made total payments aggregating $50,000.

Farber maintains that this was settlement in full and a complete accord and satisfaction. Trading Company maintains that the compromise effected was upon the further express condition that Farber would enter into other contracts for more raw silk at prices more advantageous. Farber has consistently denied such latter term of settlement by letters and otherwise, and has at all times refused to acknowledge the existence of any such condition.

The Special Term denied a motion made on Trading Company's petition to compel arbitration under all four contract forms on the ground that, until the compromise agreement which contained no arbitration provision was set aside, arbitration might not be had.

We are of opinion, however, that the petition, moving papers and answering affidavits raised preliminary issues which should first be determined by jury trial pursuant to the demand therefor made by Farber at Special Term, and to which demand Trading Company in its brief on this appeal now accedes. Until such issues have been so determined and proper rulings of law made thereon, decision on the motion to compel arbitration must be held in abeyance.

If the compromise agreement or settlement shall be found to be as contended for by Farber, of course, no arbitration may be had, for the agreements calling for such were superseded by the terms of the settlement. If, on the other hand, the preliminary issues are determined in favor of Trading Company, arbitration well might be compelled, at least, with respect to the two contracts actually signed by Farber. As to the two forms of contract signed by Trading Company, but not signed by Farber, it well might be that Farber, though not signing, would be bound by their terms. The Arbitration Law, in words at least, does not require the signature of a party to an agreement to arbitrate. It merely requires a written contract so to do. A party by receiving and retaining under certain circumstances a written agreement signed by another party may be held bound by the terms of such writing, though his signature does not appear thereon. (*Schnurr* v. *Quinn*, 83 App.

Div. 70; *Atlantic Dock Co.* v. *Leavitt,* 54 N. Y. 35; 1 Williston Cont. § 90-a, pp. 157, 158.) If the *performance* of the settlement agreement was to be in satisfaction of the original obligation, the latter would remain in full force and effect until such performance. (*Reilly* v. *Barrett,* 220 N. Y. 170.) It has been stated: " There is no doubt that a mere accord without satisfaction is unenforcible, and that an accord with tender of satisfaction unaccepted is of like quality. * * * A mere accord without a satisfaction is ineffective and does not supersede or discharge the original contract or claim. A new executory agreement, whether performed or not, may be accepted in satisfaction of a previous obligation or liability and if it is so accepted the remedy for breach thereof is upon the new and not the old agreement. But, as a rule, it is the accepted performance of the agreement and not the mere promise or tendered performance which amounts to a satisfaction. An accord not executed does not discharge the original claim. Whether there is an accord and satisfaction ordinarily involves a pure question of intention, which is, as a rule, a question of fact. If the evidence directly or through reasonable inference creates no conflict concerning the intention it is a question of law." (*Moers* v. *Moers,* 229 N. Y. 294, 299, 300.)

Should, therefore, Trading Company's version of the settlement agreement be sustained and the rule of law stated in Williston on Contracts (*supra*) held applicable, arbitration would be compelled on all four contracts. With respect to the contention of Farber that the settlement agreement was substituted for and took the place of the original agreement, this might not necessarily have been in full satisfaction of the previous obligation. There would arise on this record a question of intention of the parties. Such question of intention as a rule is a question of fact. (*Moers* v. *Moers, supra,* 300.)

So, too, the question as to the Trading Company's obligation to return the $50,000 or make a tender thereof, if in the case at all, must await the determination of the issue as to the compromise terms. (See *Larscy* v. *Hogan & Sons,* 239 N. Y. 298.)

Upon the record before us we may neither decide the issues nor finally lay down the principle or principles of law that will ultimately apply. Such must await a full adducement of the facts on the trial of the issues to be ordered. We have adverted to them to show merely some of the propositions that must be disposed of by the trial of the preliminary issues. There will be presented questions of law and fact for determination by the jury and the justice there presiding and by the Special Term justice who will have to decide finally the motion to compel arbitration.

It follows, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, and a trial ordered of preliminary issues as fixed in the order to be entered hereon, the determination of the motion to compel arbitration to be held in abeyance until the coming in of the verdict on such issues, to be decided by the justice then presiding at Special Term.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and a trial ordered of preliminary issues as fixed in the order to be entered, the determination of the motion to compel arbitration to be held in abeyance until the coming in of the verdict on such issues, to be decided by the justice then presiding at Special Term. Settle order on notice.