MOLLIE EAGLE, Appellant, v. BENJAMIN CHERNEY et al., Respondents.

Third Department, March 8, 1944.

*Goodson & Potts*, attorneys (*Harold J. Hinman* of counsel), for appellant.

*Lawrence Levine*, attorney for respondents.

BLISS, J.  In 1928 Stella Ettinger, a sister of plaintiff, was the record owner of a farm in the Lackawack Valley of Ulster County.  It was incumbered by four mortgages — the first, held by the Federal Land Bank, the second, third and fourth held by the defendants Cherney and Berger.  Although originally purchased in the name of plaintiff's father and held in the name of plaintiff's sister, plaintiff appears to have been the actual owner and she held an unrecorded deed from her sister.

In the summer of 1928 a tentative arrangement was reached between plaintiff, acting through her husband Max Eagle, and the defendants to consolidate and extend the second, third and fourth mortgages.  A proposed agreement was drawn, signed by the defendants and taken by Max Eagle to be forwarded to Mrs. Ettinger for execution.  It provided for a payment of principal and interest on July 15, 1929, which was not made and in September, 1929, defendants instituted an action to foreclose in which they alleged the amount due and unpaid on their second mortgage, then in default, and also the facts with

regard to the proposed extension and consolidation agreement with the claim that this agreement was never executed and therefore never became effective. They also alleged the default in the payments provided by such proposed agreement. The Eagles were personally served in this foreclosure action but did not defend. It proceeded to judgment and sale, and the property was bid in by Cherney and Berger. Through a writ of assistance they dispossessed the Eagles, and on the same night, but before the Eagles had personally left the premises, both the house and the large barn thereon were destroyed by fire. Since then the city of New York has condemned a portion of the premises for its water supply system and a substantial claim was filed by Cherney and Berger against the city for damages.

In 1936, after the institution of such condemnation by the city, Mrs. Eagle brought this action to reform the extension agreement, vacate the judgment in the foreclosure action and grant her the right to redeem the premises and for an accounting. She claims that the extension agreement was actually executed by her sister, Mrs. Ettinger, and became effective, that it did not truly state the terms of payment as agreed upon by the parties, that the summons and complaint in the foreclosure action were never served upon her and that after such action was instituted Cherney and Berger agreed that if she would not defend the action they would bid in the property on the foreclosure sale and reconvey it to her.

Max Eagle and Mrs. Ettinger testified that the latter was present and signed the extension agreement. This was denied by the attorney who drew it, his secretary, and Cherney and Berger, and no copy signed by Mrs. Ettinger has been produced. An escrow receipt signed by the attorney and by Eagle himself indicates that only Cherney and Berger had then signed the proposed agreement and that it was still to be executed by Mrs. Ettinger in Florida. The credible evidence all indicates that Mrs. Ettinger did not sign the agreement. Eagle claims that the parties actually agreed that the first payment of principal and interest was to be made on October 10, 1929, instead of July 15, 1929, as provided by the proposed agreement. The only evidence to substantiate this claim is the testimony of Eagle himself. The writing should control. When the foreclosure action was instituted the mortgagor was in default under both the second mortgage and the proposed extension, and the right to institute the foreclosure action was clearly established. In any event, the issue as to whether the extension agreement ever became effective was tendered and disposed of in the foreclosure action.

The summons and complaint in the foreclosure action were served on the Eagles personally by the then chief of police of the village of Ellenville, who was a former State trooper and since then has become assistant superintendent of the State prison at Wallkill. He made the usual affidavit of service, kept a personal record of the same and recalled the occasion distinctly. The falsity of the Eagle testimony in this regard is clearly established by their claim that they later agreed with Cherney and Berger that they would not appear in the foreclosure action and that the latter were to bid in the property and reconvey it to Mrs. Eagle. No logical reason appears for the making of such agreement on the part of the mortgagees who were then foreclosing. There was no advantage to them in continuing their foreclosure action and immediately reconveying their property to Mrs. Eagle. This would have nullified the results of the foreclosure action. Here, again, the plaintiff has failed to produce any convincing evidence.

The Official Referee rejected all of plaintiff's contentions. The great weight of the credible evidence sustains his findings, and the judgment should be affirmed, with costs.

HEFFERNAN, J. (dissenting). I dissent and vote to reverse the judgment under review.

In her complaint plaintiff alleges two causes of action. The first is based on fraud. The second is grounded on the claim that there was nothing due on the mortgage sought to be foreclosed because that mortgage had been consolidated with other mortgages owned by defendants under an extension and consolidation agreement.

On this appeal we may disregard the first cause of action and dispose of the issues on the theory advanced by plaintiff in her second cause of action.

The Federal Land Bank held a first mortgage on plaintiff's property. Defendants were the owners of the second, third and fourth mortgages which were liens against the premises. Stella Ettinger, a sister of plaintiff, had the record title to the premises. Plaintiff requested defendants to consolidate their three mortgages into one and to grant her an extension on the payment of various installments. After some negotiation defendants, in consideration of a bonus of $500, agreed that the mortgages should be consolidated. An agreement to that effect was drawn by defendants' lawyer and was signed by defendants and by plaintiff. There is some dispute as to whether or not Stella Ettinger signed the agreement. Whether she did or not is of no importance because defendants knew that plaintiff was the

owner of the premises and had in her possession an unrecorded deed to the property from her sister. The agreement was left in escrow with defendants' lawyer to be held by him until plaintiff paid a balance of $150. Subsequently the balance was paid and plaintiff received the consolidation agreement. Later defendants instituted an action to foreclose the second mortgage. Plaintiff did not appear in that action and judgment of foreclosure by default was rendered against her. She contends that her failure to appear was due to fraud practiced on her by defendants. She asserts that defendants advised her that if she did not appear in the litigation they would purchase the property and later reconvey it to her.

From the mouths of the defendants has come proof that they executed the consolidation agreement and recognized its existence. They were bound by its provisions. The consolidation agreement was in full force and effect when defendants attempted to foreclose their second mortgage. They could not then maintain an action to foreclose that mortgage because it had been superseded by the consolidation agreement. (*First Natl. Bank* v. *Sleeper,* 12 F. 2d 228 [C. C. A. 8th]; *Bank of United States* v. *Chemical Bank & Trust Co.,* 140 Misc. 394; *Matter of Japan Cotton Trading Co., Ltd.,* v. *Farber,* 233 App. Div. 354; *Gladden* v. *Keistler,* 141 S. C. 524; *Johnson* v. *Tunstall,* 25 S. W. 2d 828 [Texas]; *Chouteau* v. *Suydam,* 21 N. Y. 179.)

HILL, P. J., and BREWSTER, J., concur with BLISS, J.; HEFFERNAN, J., dissents and votes to reverse in an opinion in which SCHENCK, J., concurs.

Judgment affirmed, with costs.