avail themselves of the offer made. We do not think, in these circumstances, that the failure of the arbitrators to direct the examination requested constituted a denial of any of their rights. Therefore, the award should not have been set aside on the first ground urged.

Nor should the award be set aside on the second ground urged. Although the arbitrators stated that they were not authorized to pass upon the issue in question, yet in fact they did decide it when they determined that there was no fraud or excess price charged to the petitioners.

Accordingly, the order vacating the award should be reversed and the motion to confirm the award granted.

Breitel, J. P., Bastow, Botein and Rabin, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion to vacate the award of the arbitrators denied, the cross motion to confirm the award granted, and judgment is directed to be entered in favor of the respondent-appellant in conformity with said award.

■ BECKIE SCHAFRANEK, Respondent, et al., Plaintiff, v. CITY OF NEW YORK, Appellant.

Cox, J. (dissenting). It seems clear from the plaintiff's testimony that she slipped or otherwise fell at some point on the platform itself and that her accident was in no way related to the space under the lamp balustrade.

Plaintiff testified to a broken condition of the platform, not to an opening under the adjacent lamp balustrade. It seems quite apparent that plaintiff did not actually know what caused her to fall. In this respect the instant case is somewhat similar to the recent case of *Arnold* v. *City of New York* (286 App. Div. 997), where this court reversed and dismissed the complaint on that basis.

Nor is it enough to show, as seems to have been done here, that the structural condition was the most probable cause of the accident. The burden was on the plaintiff to show that the opening under the lamp balustrade was the cause of the accident. This burden has not been met.

Considering the testimony of the plaintiff in its most favorable light it fails to establish any actionable negligence on behalf of the city. Even if it be assumed that the accident occurred by reason of plaintiff's foot becoming wedged in the recess under the lamp balustrade, it could not possibly have been foreseen by the defendant. "The fundamental basis of liability for actionable negligence is the reasonable foreseeability of the risk; every possible accident due to unusual and reasonably unforeseeable combinations of circumstances is not included". (*Cartee* v. *Saks Fifth Ave.*, 277 App. Div. 606, 609, affd. 303 N. Y. 832.) "Liability for actionable negligence must lie within the range of natural and probable consequences" (*supra*, p. 611).

The judgment should be reversed and the complaint dismissed.

Breitel, J. P., Bastow, Botein and Rabin, JJ., concur in decision. Cox, J., dissents and votes to reverse in opinion.

Judgment affirmed, with costs. No opinion.

■ In the Matter of JOSEPH KATZ, Respondent. FULTON-WASHINGTON CORP. et al., Appellants. In the Matter of JOSEPH KATZ, Respondent. 370 FULTON AVE. CORP. et al., Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Breitel, Bastow, Cox and Bergan, JJ.