Samuel C. Coleman, J.
Matter of Helen Whiting, Inc. (Trojan Textile Corp) (307 N. Y. 360) determines the issue in favor of the respondent seller and calls for arbitration of the controversy between buyer and seller. In a period of over five months the buyer placed about 15 separate orders with the seller for the purchase of substantial quantities of goods, over $50,000 worth. The orders were oral or in writing, the writing in some instances ‘1 confirming ’ ’ orders that had been placed orally with the seller’s salesman. The order forms said nothing about arbitration. On receipt of each order the seller sent its printed form incorporating the substance of *350 the seller’s order (due to changes in some of the orders as the transactions went on there were about 20 of these forms). This was done apparently without reference to a written ‘1 confirmation”; it was sometimes sent on receiving an oral order and before receiving a “ confirmation.” The seller refers to its form as an “ acknowledgment ” but that term does not appear on it. What does appear — not in conspicuous type but in a conspicuous place— is a statement, the first sentence of which declares that orders are subject to acceptance at the seller’s office. But as no further acceptance followed and as the goods were shipped, this declaration is of no legal significance. Indeed the orders were reviewed immediately on receipt and none was rejected. The statement in substance continues: The buyer agrees to be bound by the conditions printed on ■ the reverse side of the form either by accepting the goods when delivered or by not rejecting those conditions in writing within 10 days. The conditions on the back are clearly printed; one of them provides for the arbitration of controversies. There was no rejection, orally or in writing, but each of the orders was filled in the sense that the goods were delivered and accepted; and payments were made for all of the merchandise, except that shipped under the last few orders. The controversy relates to these last orders and as to the merchandise covered by them complaint was made a substantial time after delivery.
The buyer says that it did not read the statement on the face of the “ acknowledgment ” or the conditions on the back of the seller’s document. In any case, it maintains that there was no agreement to accept the terms, no agreement to arbitrate, and that the seller’s “ acknowledgment ” adds nothing to an agreement already made. But I think it is bound by those terms, including the one as to arbitration;
This is not a case of an offeror presenting an offeree with the alternative of a compelled acceptance or breaking silence (cf. Matter of Albrecht Chem. Co. [Anderson Trading Corp.], 298 N. Y. 437) nor, again as in the Albrecht case, of an offeree objectively accepting neither alternative by proposing his own form in answer to that of the offeror which omits a reference to arbitration. Speaking of the Albrecht case and of Matter of Tannenbaum Textile Co. v. Schlanger (287 N. Y. 400), the court in the Whiting case said that in each of the two earlier eases there was rejection in fact of the proposals for arbitration.
The situation is different here. Experienced, competent businessmen had staked out the ground in which they were carrying out their dealings and their conduct within that area can be *351 resorted to to indicate agreement. They need not formally vocalize offer and acceptance of arbitration. In the Whiting case, retaining three separate orders for six days, signing and returning one of them (and accepting a token delivery under each of the orders) was held to be sufficient evidence of the making of an agreement to arbitrate as to all three contracts. There is much more here. The transactions covered a long period of time. Each order was followed by a document which contained an arbitration clause and which was received without demur, a document that in the buyer’s view now is altogether meaningless and has no place at all in the transaction; and deliveries under all the orders were accepted and payments made as to most. As to the buyer’s contention that the seller’s form is without significance, the fact is that on receiving them he “ checked it to see whether it conformed to our orders ”. What was On them was for him to read. Nor do I believe that the order alone was intended to be the contract.
All in all, the evidence indicates acceptance, by a course of conduct, of the conditions under which the transactions were to be carried on (cf. Matter of Catz American Sales Corp. [Holleb & Co.], 272 App. Div. 689, aflfd. 298 N. Y. 504; Matter of Japan Cotton Trading Co. v. Farber, 233 App. Div. 354). “ Parties are not to be led into arbitration unwittingly through sublety ” (Matter of Riverdale Fabrics Corp. [TillinghastStiles Co.], 306 N. Y. 288, 291), but they should not be permitted to avoid it when an established course of conduct indicates familiarity with the conditions upon which transactions were to be and were being carried on. (Cf. Matter of Continental Nut Co. [Banner Candy Mfg. Corp.], 286 App. Div. 1088, affd. 1 N Y 2d 705.) The controversy is subject to arbitration and the matter should proceed to arbitration. The stay is vacated. Settle order.
(Supplemental memorandum.)
The question is one of costs in a proceeding to determine whether a controversy between buyer and seller is by virtue of the sales agreement subject to arbitration. Such a proceeding is a “ special proceeding ” in which costs may be granted (Civ. Prac. Act, §§ 1458, 1459, 1492; Matter of Marchant v. Mead-Morrison Mfg. Co., 252 N. Y. 284, 292). There was a full trial to determine that the controversy was subject to arbitration and I think that in these circumstances the prevailing party should have full costs. Section 1464 of the Civil Practice Act refers only to costs in a judgment after an award of arbitration. Order signed.