■ In the Matter of the Arbitration between JOHN TIMBERS, Respondent, and HENRY WOICIK, Appellant.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered March 18, 1991, which granted petitioner's motion to vacate his default in failing to appear to argue his application for a stay of arbitration, and granted such stay to the extent of referring to a Referee the question of whether the parties had entered into an accord and satisfaction, is unanimously affirmed, with costs.

The dispute is between attorneys and arises out of an agreement purportedly governing their sharing of a fee and providing for arbitration in the event of disagreement. Petitioner contends that the parties subsequently entered into an oral accord and satisfaction pursuant to which respondent agreed to accept, and did accept, a reduction in his share of the fee. Respondent disagreed, and served petitioner with a notice of intention to arbitrate. Prior to the expiration of the twenty day statutory period, petitioner commenced the instant proceeding to stay arbitration. Although the notice of petition indicated that the details of the alleged accord and satisfaction were set forth in certain annexed affidavits, such in fact were not annexed, but eventually served more than eight days before the day on which the petition was noticed to be heard. When petitioner did not appear in court on the return date, the matter was decided against him on default. When petitioner thereafter moved to vacate the default, respondent cross moved to dismiss the petition and for a judgment compelling arbitration. IAS vacated the default, and referred the matter for a hearing, holding that the issue of accord and satisfaction is one to be determined by the court (citing *Matter of Japan Cotton Trading Co. [Farber],* 233 App Div 354).

A release or other agreement purporting to settle substantive differences between the parties cannot be the basis for a court-ordered stay of arbitration, since "[o]nce the parties to a broad arbitration clause have made a valid choice of forum * * * all questions with respect to the validity and effect of subsequent documents purporting to work a modification or termination of the substantive provisions of their original agreement are to be resolved by the arbitrator" *(Matter of Schlaifer v Sedlow,* 51 NY2d 181, 185). However, a distinction

exists between a release, which does not purport to extinguish an arbitration clause but merely to settle substantive rights under the agreement, and an accord and satisfaction, which may have the effect of extinguishing the entire underlying contract. "An accord and satisfaction, if intended to settle and supersede a contract containing an agreement to arbitrate, will prevent enforcement of arbitration thereunder." (5 NY Jur 2d, Arbitration and Award, § 53, at 179, citing *Matter of Japan Cotton Trading Co. [Farber], supra; see also, Matter of Schlaifer v Sedlow, supra.)* Thus, IAS properly referred the matter for a hearing to determine whether the oral agreement resulted in an accord and satisfaction.

Nor was the filing of the application untimely. CPLR 7503 (c) requires that a party seeking a stay of arbitration apply therefor within 20 days after being served with a demand for arbitration, which petitioner did. And, CPLR 403 (b) requires that a notice of petition, petition, and any supporting affidavits specified in the notice be served at least eight days before the time at which the petition is noticed to be heard which petitioner also did. Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.